133 N.J. Super. 508 (1975)
337 A.2d 624
STATE OF NEW JERSEY, PETITIONER-APPELLANT,
v.
PATRICIA SAN VITO AND JAMES SAN VITO, RESPONDENTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted April 15, 1975.
decided April 25, 1975.
revised April 30, 1975.
*509 Before Judges CARTON, CRANE and KOLE.
Mr. Joseph C. Woodcock, Jr., Bergen County Prosecutor, attorney for appellant (Mr. Craig D. Katz, Assistant Prosecutor, on the brief).
No brief filed on behalf of respondents.
The opinion of the court was delivered by CRANE, J.A.D.
*510 In 1970 defendants were arrested and charged with possession of a controlled dangerous substance, in violation of the statute then in effect, N.J.S.A. 24:18-4. Defendant James San Vito was additionally charged with maintaining a narcotics nuisance under N.J.S.A. 24:18-37. The grand jury to which the case was presented returned a vote of "no bill."
Subsequently, pursuant to N.J.S.A. 2A:85-15 et seq., defendants filed a petition seeking the expungement of the arrest records. In accordance with N.J.S.A. 2A:85-16 the Attorney General, the prosecutor and the local chief of police were given notice of the proceedings. The Attorney General indicated by letter that he would not object if defendants would stipulate never to institute civil proceedings against the law enforcement officers involved in the case. When defendants indicated that they would not enter into such a stipulation, the Attorney General formally objected to the entry of the order of expungement. Nevertheless, the trial judge granted the order, expressing his reasons therefor in an opinion published at 129 N.J. Super. 185 (Law Div. 1974). The State has appealed.
In our opinion the trial judge was in error. The statute, N.J.S.A. 2A:85-17, provides that the court may grant an order of expungement "if there is no objection from those law enforcement officers notified of the hearing, and no reason appears to the contrary * * *." N.J.S.A. 2A:85-18 provides that:
a. If an objection is made by any law enforcement agency upon which notice was served, the court shall determine whether there are grounds for denial. If the court determines there are no grounds for denial it may grant an order directing the clerk of the court and the parties upon whom notice was served to seal their records of said arrest, including evidence of detention related thereto, and specifying those records to be sealed.
The legislation clearly distinguishes between a situation in which no law enforcement agency objects and one in *511 which a law enforcement agency does enter an objection. In the latter case, even though it is found that there are no grounds for the denial of the application for expungement, the court is limited to an order directing that the records of the arrest be sealed and not subject to inspection except by court order. The trial judge relied on the use of the phrase "material objection" appearing in a "Committee Statement" which accompanied the bill and a message from the Governor urging amendment of previously proposed expungement legislation. Such statements are sometimes useful in interpreting ambiguous legislative language. However, in our considered judgment, no substantial weight should be accorded to the cited statements in view of the unambiguity of the legislative language. Howard Savings Inst. v. Kielb, 38 N.J. 186, 195 (1962); Lopez v. Santiago, 125 N.J. Super. 268, 270 (App. Div. 1973). In this sensitive area of law enforcement, the clearly expressed legislative policy should not be disturbed. State v. Italiano, 132 N.J. Super. 1, 4 (App. Div. 1975). Although expungement is a more desirable result from the standpoint of the defendants, an order directing that the records be sealed carries with it a mandate that the enforcement personnel inform anyone requesting information on records of the person involved that there is no record.
The judgment is reversed. The cause is remanded for the entry of an order in accordance with this opinion and the provisions of N.J.S.A. 2A:85-18.