139 N.J. Super. 166 (1976)
353 A.2d 118
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
E.B.R., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted January 21, 1976.
Decided February 5, 1976.
*167 Before Judges CARTON, CRAHAY and HANDLER.
Mr. William F. Hyland, Attorney General of New Jersey, attorney for appellant (Mr. Peter N. Gilbreth, Deputy Attorney General, of counsel and on the brief).
Respondent did not file a brief.
PER CURIAM.
In 1962 defendant was indicted for murder (N.J.S.A. 2A:113-1) and manslaughter (N.J.S.A. 2A:113-5). After a jury trial she was convicted of second degree murder. That conviction was later reversed by the Supreme Court. State v. Ray, 43 N.J. 19 (1964). Defendant was retried in 1967 and found not guilty by reason of insanity. She was committed to the New Jersey State Hospital in Trenton and eventually released after a determination that she had been restored to sanity. Shortly thereafter she filed a petition, pursuant to N.J.S.A. 2A:85-15 et seq., to have the record of her arrest and proceedings in *168 connection therewith expunged on the ground that she had been "discharged without a conviction." The trial court, over the State's objection, granted the petition and entered an order of expungement.
The State appeals from this order contending that (1) N.J.S.A. 2A:85-15 bars such orders where the arrest was for the crime of murder; (2) N.J.S.A. 2A:85-17(a) and 2A:85-18(a) preclude expungement and only permit sealing as a remedy if the prosecutor raises an objection to the petition; (3) sealing is the appropriate remedy because the prosecutor's objections were adequate grounds for denial of the petition for expungement.
N.J.S.A. 2A:85-15 provides in pertinent part:
Any person who has been arrested for a violation of [a municipal ordinance] the disorderly persons law, a misdemeanor or a high misdemeanor under the laws of New Jersey and * * * who was discharged without a conviction * * * may * * * present a duly verified petition to the court * * * praying for the relief provided by this act.
The obvious intent of the Legislature in enacting N.J.S.A. 2A:85-15 to 2A:85-23 is to provide a method whereby an individual whose criminal arrest does not result in a finding of guilt, may eliminate the public record of that occurrence. The goal of these statutes is to remove the social stigma and economic detriment which results when the general public has access to these records.
The statute providing for the expungement or sealing of records does not on its face include arrests for crimes other than misdemeanors or high misdemeanors. Murder and manslaughter are not so categorized. See In Re Buehrer, 50 N.J. 501, 517 (1967). We conclude, however, that these crimes were not intended by the Legislature to be exempt from the provisions of N.J.S.A. 2A:85-15 et seq. The history of the statute in no way suggests that the absence of a specific reference to murder and manslaughter was purposeful or other than inadvertent. Their inclusion may be supplied by reasonable implication. Indeed, the legislative *169 purpose in according this form of relief might well be disserved or frustrated if the statute were construed to exclude those mistakenly or falsely arrested for murder and manslaughter.
Such construction places no additional obstacle in the path of effective law enforcement. N.J.S.A. 2A:85-18 permits police authorities to raise objections to the expungement or sealing of murder records as well as other arrest records. The statute's remedies are not granted automatically and thus no prejudice inures to law enforcement agencies.
This approach comports with the proposed New Jersey Code of Criminal Justice, Assembly Bill 3282. Section 2C:51-4 thereof provides for the sealing of "any record of arrest." Moreover, the commentary on this section found in the "Final Report of the New Jersey Criminal Law Revision Commission" specifically expresses that the public policy of this provision "should extend to any act of criminality which has been followed by a complete reformation of the individual."
As noted, the State also contends that the trial judge improperly granted the remedy of expungement because N.J.S.A. 2A:85-18(a) provides sealing as the only remedy when the prosecutor raises an objection to expungement. We agree.
In State v. San Vito, 133 N.J. Super. 508, 510-511 (App. Div. 1975), we recently held that where a law enforcement agency objects to the expungement of an arrest record, the only remedy available is the sealing of the record of arrest. Consequently, we reverse the order of expungement and remand for the entry of an order consistent with this opinion and the provisions of N.J.S.A. 2A:85-18.
In view of our disposition of this matter, we need not consider the final contention raised by the State.
Reversed and remanded.