142 N.J. Super. 283 (1976)
361 A.2d 108
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, CROSS-APPELLANT,
v.
RICHARD JAMES PETTI, DEFENDANT-APPELLANT, CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 2, 1976.
Decided June 11, 1976.
*284 Before Judges HALPERN, CRANE and MICHELS.
Mr. Stephen N. Dratch, argued the cause for appellant (Messrs. Greenberg and Margolis, attorneys).
Mr. Michael H. Kessler, Assistant Prosecutor, argued the cause for respondent (Mr. Edward W. McGrath, Union County Prosecutor, attorney; Mr. Paul A. Massaro, Assistant Prosecutor, on the brief).
PER CURIAM.
In 1964 defendent entered a guilty plea to the possession of narcotics. He was given a suspended sentence of two to three years in State Prison, placed on probation for four years and fined $300.
*285 In April 1975 defendant filed a verified petition in the Union County Court, pursuant to N.J.S.A. 2A:164-28, seeking to expunge the record of that conviction. On the same day he was indicted for conspiracy to possess with intent to distribute and distribution of a controlled dangerous substance (N.J.S.A. 24:21-19; 24:21-24); possession of a controlled dangerous substance (marijuana) with intent to distribute (N.J.S.A. 24:21-19(a) (1)) and possession of over 25 grams of marijuana (N.J.S.A. 24: 21-20(a)(3)). He subsequently entered a not guilty plea to that indictment.
Following a hearing, defendant's petition for expungement was denied on the ground that the pending indictment constituted a "reason to the contrary" for granting the requested order. Defendant now appeals, contending he has a vested right to an expungement of his prior criminal record because he has met all of the requirements of N.J.S.A. 2A:164-28.
The question presented is whether N.J.S.A. 2A:164-28 prohibits a trial judge from considering events which occur later than ten years after a conviction for purposes of determining a petition for expungement.
When Petti's petition was filed, N.J.S.A. 2A:164-28 provided that where a person convicted of a crime (other than those excepted by the statute) receives a suspended sentence or a fine of less than $1,000 and where there has been no subsequent conviction, "it shall be lawful after the lapse of 10 years from the date of said conviction for the person so convicted to present a duly verified petition to the court" for an expungement order.[*] The statute provides for the scheduling of a hearing at which time:
*286 * * * the court shall hear the matter and if no material objection is made and no reason appears to the contrary, an order may be granted directing the clerk of such court to expunge from the records all evidence of such conviction * * *
The statutory ten-year period is a limitation only upon an individual's ability to file a petition for expungement. That, coupled with the condition that no other convictions be entered during that time, is the minimum waiting period required for seeking expungement. Defendant argues the phrase "material objection" refers to any violation of the requirements listed in the first paragraph of the statute. Having established this link between the two, defendant then concludes that the ten-year limitation must also apply to the judge's deliberation on the merits of the petition. We disagree. Even if "material objection" were considered to refer to the first paragraph, that is not the only consideration involved. The legislative statement accompanying the 1936 amendment to N.J.S.A. 2A:164-28 indicates that
The purpose of this act is to assist only those persons who have one single conviction and for a period of 10 years thereafter have lived exemplary lives during that time and are able to show by their petition that they have made a complete moral change. It will rest with the judge hearing the matter to decide by the exercise of his discretion whether the petitioning party would be entitled to this relief.
The Legislature obviously intended that in determining the merits of a petition under this statute a trial judge should determine whether there has been a "complete moral change" or whether the petitioner has "led a life of rectitude." State v. Hawthorne, 49 N.J. 130, 139 (1967); State v. D'Angerio, 124 N.J. Super. 240, 242-243 (Law Div. 1973). The remedy of expungement is not a right in the sense that anyone who fulfills the requirements enumerated in the first paragraph is automatically entitled to it. "Expungement under the statute is discretionary." State v. *287 Chelson, 104 N.J. Super. 508, 509 (Cty. Ct. 1969). It is granted only if there is no material objection and "no reason to the contrary." The exercise of discretion implies that a trial judge must make a "conscientious judgment directed by law and reason and looking to a just result." Kavanaugh v. Quigley, 63 N.J. Super. 153, 158 (App. Div. 1960). In expungement cases, the judgment called for by the statute is made at the time the petition is filed and the hearing is scheduled. Absent a specific statutory directive, a construction of N.J.S.A. 2A:164-28 which would blindfold the trial judge to petitioner's conduct which has a bearing on the purposes for which the statute was enacted would be violative of the legislative intent.
Defendant argues that an indictment has no probative or evidentiary value and thus should not be considered. However, the use of indictments as the basis for other type of sanctions has been approved by our Supreme Court. Trap Rock Industries, Inc. v. Kohl, 59 N.J. 471 (1971), cert. den. 405 U.S. 1065, 92 S.Ct. 1500, 31 L.Ed.2d 796 (1972). Defendant's claim of unfairness in using the indictment for that purpose is dissipated by the fact that should he be acquitted he is free to reapply for expungement of his previous conviction.
The State's cross-appeal, in view of our disposition of defendant's appeal, is dismissed.
Affirmed.
NOTES
[*] The statute was amended by Chapter 383 of the Laws of 1975, but the amendments are not relevant to the issues involved in this case and do not affect our decision.