156 N.J. Super. 42 (1978)
383 A.2d 443
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
EDWARD 25X KING, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 10, 1978.
Decided January 31, 1978.
*43 Before Judges LORA, SEIDMAN and MILMED.
Mr. Edward 25X King, appellant, pro se.
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Robert A. Jacobson, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
The vague and incomplete record in this case leaves much to be desired.
*44 It appears that defendant, an inmate at the State Prison and confined at its readjustment unit in the Vroom Building at Trenton, filed a petition, pursuant to N.J.S.A. 2A:85-15 et seq., to have expunged or sealed the records of his arrest resulting from two Mercer County indictments (Nos. 276-75 and 339-75) which had been returned against him and which he indicates were later dismissed.[1] The matter came on for a hearing in the Law Division in Mercer County at which defendant was not represented. The 1-1/4-page transcript of the hearing reveals the following opposition by the State:
We're opposing it [defendant's application] for the Attorney General, the Mercer County Prosecutor's Office, the State Police and the Department of Corrections.

* * * * * * * *
* * * the basic objection to this petition is that Mr. King is a multiple offender, that the particular indictments which he's seeking to expunge he subsequently was disciplined in the prison system under the Department of Corrections System for these same offenses, and also under the ground that State vs. Petit [Petti][2] this is not an appropriate case for expungement. Mr. King has had many offenses and certainly does not fit within the requirements of State vs. Petit [Petti] which requires that expungement is an appropriate remedy in a case of a first time offender and someone who has subsequently led an exemplary life. That's certainly not so in the instance of Mr. King.
Following this statement the judge inquired, "His life has not been exemplary up in the Vroom Building?" The response was, "I don't believe so." The judge then proceeded to dispose of the matter with a single sentence pronouncement, viz., "Motion is denied." Such treatment of defendant's *45 application is, in the circumstances, of no help whatever to a reviewing court.
The State's reliance upon the standards discussed by this court in State v. Petti, supra, was clearly misplaced. That case involved a petition, pursuant to N.J.S.A. 2A:164-28, seeking to expunge the record of a conviction. Here, however, we are concerned with a petition, pursuant to N.J.S.A. 2A:85-15 et seq., seeking to have expunged or sealed arrest records grounded on two indictments which, we are informed, were later dismissed. The procedure to be followed in such matters is clearly set forth in the applicable statutes and decisional law. See N.J.S.A. 2A:85-16 to N.J.S.A. 2A:85-20, inclusive; State v. E.B.R., 139 N.J. Super. 166 (App. Div. 1976); State v. San Vito, 133 N.J. Super. 508 (App. Div. 1975). See also, Ulinsky v. Avignone, 148 N.J. Super. 250 (App. Div. 1977).
N.J.S.A. 2A:85-17 provides that the court may grant an order of expungement "if there is no objection from those law enforcement agencies notified of the hearing, and no reason appears to the contrary, * * *." N.J.S.A. 2A:85-18(a) provides that:
If an objection is made by any law enforcement agency upon which notice was served, the court shall determine whether there are grounds for denial. If the court determines there are no grounds for denial it may grant an order directing the clerk of the court and the parties upon whom notice was served to seal their records of said arrest, including evidence of detention related thereto, and specifying those records to be sealed.
Where a law enforcement agency enters an objection to the expungement of an arrest record, then
* * * even though it is found that there are no grounds for the denial of the application for expungement, the court is limited to an order directing that the records of the arrest be sealed and not subject to inspection except by court order. [State v. San Vito, supra, 133 N.J. Super. at 511]. *46 See also, State v. E.B.R., supra, 139 N.J. Super. at 169. By N.J.S.A. 2A:85-20(a) "grounds for denial" exist
When the usefulness of the information of the arrest and the proceedings to law enforcement authorities and to anyone who might obtain such information outweighs the desirability of having a person, who has been acquitted or against whom charges have been dismissed or discharged, freed from any disabilities attached to the arrest which preceded that acquittal, dismissal or discharge.
It was, accordingly, incumbent upon the trial court to determine first whether there were any "grounds for denial" of the petition within the meaning of the term as expressed in N.J.S.A. 2A:85-20(a), above-quoted. This called for a weighing of the considerations specified therein, followed by the making of appropriate findings of fact and "expression of the reasoning which, applied to the found facts, led to the conclusion below." Van Realty, Inc. v. Passaic, 117 N.J. Super. 425, 428 (App. Div. 1971). The record here is barren of any such findings or expression of reasons.
The order under review denying "defendant's motion to expunge" is reversed. The matter is remanded to the trial court for hearing, consideration and determination in keeping with the applicable statute and decisional law referred to herein. The judge is to make the required findings of fact and express specifically the reasons for his conclusions. We do not retain jurisdiction.
NOTES
[1] The record submitted on this appeal does not contain a copy of the petition or copies of the indictments and orders of dismissal. However, we gather from defendant's letter memorandum to us that the indictments charged him with participating in an "October 16, 1975, criminal episode that took place in Trenton State Prison."
[2] Obviously intending to refer to State v. Petti, 142 N.J. Super. 283 (App. Div. 1976).