174 N.J. Super. 411 (1980)
416 A.2d 949
STATE OF NEW JERSEY, PLAINTIFF,
v.
RICHARD DEMARCO ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division Passaic County.
Decided May 19, 1980.
*414 Keith Von Glahn, Assistant County Prosecutor, for plaintiff State of New Jersey (Joseph Falcone, Special Deputy Attorney General, Acting Passaic County Prosecutor, attorney).
Philip M. Saginario, for defendant.
ALTERMAN, J.S.C.
Defendant petitions to expunge a disorderly persons conviction. On December 26, 1968, defendant was found guilty of a disorderly persons offense in Little Falls, Passaic County. On July 9, 1979, he was acquitted on an indictment tried in Hudson County. Simultaneously with the filing of this petition in Passaic County, defendant filed a petition in Hudson County to expunge the record of the criminal proceedings. See N.J.S.A. 2C:52-3; 2C:52-5. Neither petition contains any reference to the proceedings in the other county. Is this petition deficient because it fails to reveal defendant's subsequent acquittal?
N.J.S.A. 2C:52-7, provides:
Every petition for expungement filed pursuant to this chapter shall be verified and include:
a. Petitioner's date of birth.
b. Petitioner's date of arrest.
c. The statute or statutes and offense or offenses for which petitioner was arrested and of which petitioner was convicted.
d. The original indictment, summons or complaint number.
e. Petitioner's date of conviction, or date of disposition of the matter if no conviction resulted.
f. The court's disposition of the matter and the punishment imposed, if any.
Defendant contends that subparagraph c requires the recitation only of charges which resulted in conviction. Subparagraph c cannot be interpreted in that fashion. The Legislature is presumed to know the rules of grammar, United States v. Goldenberg, 168 U.S. 95, 102, 18 S.Ct. 3, 4, 42 L.Ed. 394 (1897). *415 The subsection contained two relative clauses used adjectively: "for which petitioner was arrested" and "of which petitioner was convicted." These clauses modify the topic "statute or statutes and offense or offenses." The topic of subparagraph c is not, as defendant urges "statute or statutes and offense or offenses for which petitioner was arrested." Because the two relative clauses are connected by the conjunctive, they are grammatically parallel and should be given equal effect.
Furthermore, every clause of a statute should, if possible, be given full force and effect, Cobb v. Waddington, 154 N.J. Super. 11, 17 (App.Div. 1977), and a construction that makes part of a statute superfluous, inoperative or meaningless, should be avoided. Hoffman v. Hock, 8 N.J. 397, 406 (1952). If subparagraph c is read to require a recitation of only those statutes and offenses resulting in conviction, the first relative clause, "for which petitioner was arrested," is superfluous. Additionally, subsection e, which requires the petition to include the "date of disposition of the matter if no conviction resulted," clearly demonstrates that the statute encompasses arrests not resulting in conviction.
Since an arrest not resulting in a conviction, as well as a conviction, may be expunged, it is conceivable that subparagraph c relates to only the arrest or conviction which is the subject of the petition. Under that interpretation, the statute would merely require the recital of either the arrest or the conviction. Subparagraphs e and f are not inconsistent with that interpretation because each may be applied to either an acquittal or a conviction.
Indulging this interpretation, however, requires the conjunctive "and" in subparagraph c to be construed as the disjunctive "or." Although the conjunctive and the disjunctive particles may be used interchangeably, the exchange is permissible only where it is consistent with the legislative intent. Howard v. Harwoods Restaurant Co., 25 N.J. 72, 88 (1957). It is not appropriate to do so here, for other sections in the expungement chapter of the Code manifest an intent that the petition must *416 set forth every criminal or quasi-criminal charge made against the defendant, whether resulting in acquittal or conviction.
N.J.S.A. 2C:52-7 cannot be construed in a vacuum. The meaning of particular language must be gleaned not alone from the words used within the confines of a particular statutory section involved, but from those words when read in connection with the entire enactment of which it is an integral part. Petition of Sheffield Farms Co., 22 N.J. 548, 554 (1956).
Under this chapter, a petitioner may not qualify for expungement if he has been convicted of any prior or subsequent crime or been adjudged a disorderly person or petty disorderly person on more than two occasions. N.J.S.A. 2C:52-5; 2C:52-3; 2C:52-4. If a criminal conviction is sought to be expunged, subsequent convictions of no more than two disorderly or petty disorderly persons offenses will not necessarily bar relief, but "the nature of those conviction or [sic] convictions and the circumstances surrounding them shall be considered by the court...." N.J.S.A. 2C:52-2 a. It is apparent that the court cannot know whether the statutory qualifications are satisfied and cannot consider the nature of the disorderly persons or petty disorderly persons offenses unless every crime and offense is revealed in the petition. If, at the time of the petition, charges were pending against the petitioner or there is some other statutory disqualification, the court issuing the order "shall vacate the expungement order in question and reconsider the original motion in conjunction with the previously undisclosed information." Hence, it is again evident that all of defendant's arrests must be included in the petition in order that the court can determine whether there is, or was, a statutory disqualification.
There is yet a more fundamental principle that ineluctably leads to the same result. The Legislature has mandated that the expungement statute
... shall be construed with the primary objective of providing relief to the one time offender who has led a life of rectitude and disassociated himself with unlawful activity, but not to create a system whereby periodic violators of the law or those who associate themselves with criminal activity have a regular means of expunging their police and criminal records. [N.J.S.A. 2C:52-32]
*417 The judicial function in the interpretation of a statute is to effectuate the legislative goal. State v. Fearick, 69 N.J. 32, 37 (1976). To that end, the letter of the law must give way to the spirit of the enactment; words may be expanded or limited according to the manifest reason and purpose of the law, and the meaning of each provision must be construed and referenced to the whole act of which it is a part. San-Land Builders, Inc. v. Baxendale, 28 N.J. 148, 155 (1958); Alexander v. New Jersey Power & Light Co., 21 N.J. 373, 378 (1956); Petition of Sheffield Farms Co., supra at 554. Primary regard must be given to the purpose of the legislation. As the court stated in Jersey City Chapter, Property Owners v. Jersey City, 55 N.J. 86 (1969):
When all is said and done, the matter of statutory construction here will not justly turn on literalisms, technisims or the so-called formal rules of interpretation; it will justly turn on the breadth of the objectives of the legislation and the common sense of the situation. [At 100]
In view of the expressed purposes of the expungement chapter, it is certain that the Legislature intended the petition to reveal defendant's entire record. Expungement is discretionary under the Code, as it was under our former statute. See State v. Petti, 142 N.J. Super. 283, 286 (App.Div. 1976). Permitting a petitioner to withhold relevant information would impede the court's exercise of conscientious judgment and would thereby frustrate the Legislature's intention to allow relief only to qualified petitioners.
Defendant's subsequent acquittal of a crime is not a disqualification under N.J.S.A. 2C:52-3 and is not a ground for denial of relief under N.J.S.A. 2C:52-14. However, defendant may have been charged with other crimes or offenses which still have not been disclosed. All of the persons who are entitled to enter an objection to the expungement should have notice of defendant's entire record. The petition is therefore dismissed without prejudice to defendant to file a new petition in accordance with the statute.
Defendant's failure to reveal his entire record in the Hudson County petition should be called to the attention of the judge of *418 the Superior Court who granted that petition. The prosecutor is directed to forward a copy of this opinion to the Hudson County Prosecutor for that purpose.