774 A.2d 629 (2001)
340 N.J. Super. 390
STATE of New Jersey, Plaintiff-Respondent,
v.
Thomas KING, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued April 4, 2001.
Decided May 15, 2001.
*630 Robert B. Reed, Flemington, argued the cause for appellant, (Reed and Scholl, attorneys; Robert G. Engelhart, on the brief).
Katharine L. Errickson, Assistant Prosecutor, argued the cause for respondent, (Stephen B. Rubin, Hunterdon County Prosecutor, attorney; Ms. Errickson, of counsel and on the brief).
Before Judges KEEFE, STEINBERG and WEISSBARD.
The opinion of the court was delivered by STEINBERG, J.A.D.
Defendant Thomas M. King appeals from an order vacating a prior order of February 21, 1991, that had expunged his conviction under Mercer County Indictment No. 814-77, for possession of a controlled dangerous substance with the intent to distribute, and "[u]nlawfully maintaining a place for Controlled Dangerous Substance [sic]."[1] Defendant also *631 appeals from that provision of the order denying his application for expungement.
Defendant filed his petition for expungement on July 30, 1990. The only arrest mentioned in the petition for expungement was an arrest of March 14, 1978, in Ewing Township. On September 11, 1979, defendant entered pleas of guilty to two counts of the indictment that resulted from the March 14, 1978 arrest and he was sentenced on November 2, 1979, to two concurrent nine-month terms in the Mercer County Correction Center. The remaining three counts of the indictment were dismissed.
A hearing regarding defendant's petition for expungement was scheduled for October 12, 1990. Pursuant to N.J.S.A. 2C:52-10, defendant gave notice of the hearing to the persons specifically designated in that statute to receive notice. On October 1, 1990, the New Jersey State Police notified the Mercer County Prosecutor that defendant was ineligible for expungement because he failed to enumerate "at least seven other arrests" in his petition. That notification also referred to "three criminal and two disorderly persons convictions", rendering defendant ineligible for expungement. The parties appear to agree that a hearing did not take place on October 12, 1990. Although the attorney who represented defendant at the time the application was made[2] has certified that the judge signed the expungement order on the date fixed for the hearing, the order is dated February 21, 1991. We are unable to determine from the record presented to us on appeal whether the Mercer County Prosecutor's Office ever communicated the objection raised by the State Police to the judge, or what took place on October 12, 1990, February 21, 1991, or any other date regarding the expungement application. In the certification, defendant's attorney claims that the judge advised him he would sign the order because there appeared to be no opposition. The order was never filed or served on any of the designated law enforcement agencies.
In September 1997, defendant was charged with the fourth-degree offense of possession of a weapon by one previously convicted of a crime. N.J.S.A. 2C:39-7(b). Pursuant to a plea agreement, defendant entered a guilty plea and was sentenced to probation. Defendant appealed, contending that the trial judge failed to elicit a sufficient factual basis for the entry of the plea in light of his statement during the plea colloquy that he thought the predicate offense had been expunged. In an unpublished opinion, we reversed because defendant failed to give a sufficient factual basis to establish possession of the weapon. State v. King, A-4022-97, decided May 12, 1999. In dictum, we observed that if the predicate offense had indeed been expunged, it could not be used to form the basis of the charge. We then noted that if the expungement order had been signed, the accusation must be dismissed. We also said that we perceived "no impediment to defendant's now serving the February 21, 1990 order to those persons designated in that order."
While the remand proceedings were pending in Hunterdon County, the Hunterdon County Prosecutor and the Mercer County Prosecutor made a joint application in Mercer County to vacate the expungement order. The motion judge concluded that the State's application was timely filed, and that defendant was not eligible for expungement. In his opinion, the judge indicated that defendant was *632 ineligible for expungement because his conviction was for possession of marijuana in excess of twenty-five grams with the intent to distribute.[3] Accordingly, he vacated the expungement order, considered the application on its merits, and denied it.
On this appeal, defendant raises the following arguments:
POINT I
THE TRIAL COURT ERRED IN VACATING AN EXPUNGEMENT ORDER MORE THAN FIVE YEARS AFTER IT WAS SIGNED.
POINT II
THE STATE'S MOTION TO VACATE WAS BARRED UNDER THE DOCTRINES OF EQUITABLE ESTOPPEL AND LAW OF THE CASE.
POINT III
THE HUNTERDON COUNTY CHARGES MUST BE DISMISSED.
We first consider defendant's contention that the motion judge erred in vacating the expungement order more than five years after it had been signed. N.J.S.A. 2C:52-26, provides as follows:
If, within 5 years of the entry of an expungement order, any party to whom notice is required to be given pursuant to Section 2C:52-10 notifies the court which issued the order that at the time of the petition or hearing there were criminal, disorderly persons, or petty disorderly persons charges pending against the person to whom the court granted such order, which charges were not revealed to the court at the time of hearing of the original motion or that there was some other statutory disqualification, said court shall vacate the expungement order in question and reconsider the original motion in conjunction with the previously undisclosed information.
Relying upon N.J.S.A. 2C:52-26, defendant contends that the State's application was time-barred since it was filed nearly nine years after the order granting expungement was signed. We disagree. The motion judge concluded that an order is not entered so as to begin the five-year period set forth in N.J.S.A. 2C:52-26 within which objections to the entry of the order must be made until the order is filed and served. The judge concluded that to hold otherwise would deprive the State of the right to move to vacate the order, unless it was aware that the order had been granted even though it had not been served upon the State. Defendant contends that since the judge was required to file the signed order, he should not be penalized as a result of the judge's failure to perform his obligation. We reject that contention.
We recognize that R. 3:1-4 provides that with the exception of final judgments, formal written orders must be presented to the court in accordance with R. 4:42-1(e), except that only the original order in a criminal case need be filed. R. 4:42-1(e) requires the judge signing the order or judgment to file the original in accordance with R. 1:5-6(b) and to return a copy to the attorney submitting the order or judgment. Thus, defendant is correct in his contention that the judge was required to file the order. Moreover, R. 1:5-1(a) specifically requires, in civil actions, the party obtaining an order or judgment to serve it within seven days after the date it was signed. However, that sentence is not contained in R. 1:5-1(b) pertaining to criminal cases. Nevertheless, R. 1:5-1(b) does provide that "[i]n criminal actions ... written motions [not made ex parte], ... and other papers shall be served upon all attorneys *633 of record in the action, upon the parties appearing pro se and upon such other agencies of government as may be affected by the relief sought." Thus, we conclude that the omission of the last sentence of R. 1:5-1(a) in R. 1:5-1(b) is of no consequence.
In criminal actions, orders are "other papers" that must be served on all attorneys of record in the action, as well as all agencies of government such as the county prosecutor's office, the State Police, and the other agencies designated in the expungement statute since they may be affected by the relief sought. In other words, it is the responsibility of the party obtaining the order to track the order and if he or she does not receive it, make the appropriate inquiry, and, thereafter, to properly serve it. Accordingly, we hold that a defendant must serve the order of expungement upon all parties entitled to notice and the five-year period within which objections may be made to the granting of the order does not begin to run until the party to whom notice is required to be given pursuant to N.J.S.A. 2C:52-10 has been served with the order. Obviously, the agencies entitled to notice cannot remove the records regarding the arrest and conviction from their files until such time as they are notified of the order of expungement. Hence, a requirement that the party obtaining the expungement order serve it upon the designated agencies imposes no real hardship and is of benefit to that party. In addition, to hold otherwise would permit a person to obtain an expungement to which he may not be entitled and not serve the order for a period in excess of five-years and deprive the governmental agencies of their statutory right to object to the entry of the order.
Defendant also contends that the motion judge erred since his decision was based, in part, on his perception that defendant acted fraudulently or in bad faith in seeking to procure the order of expungement. That contention is based upon the judge's observation that defendant failed to set forth his other convictions in the petition. Defendant asserts that N.J.S.A. 2C:52-7 only requires the petition to note information regarding the arrest or conviction sought to be expunged. We reject that contention.
In State v. DeMarco, 174 N.J.Super. 411, 416 A.2d 949 (Law Div.1980), the Law Division held that the legislative intent was to require defendant to reveal his or her entire record in the petition seeking expungement. Id. at 417, 416 A.2d 949. Judge Alterman correctly noted that allowing a petitioner to withhold relevant information, such as prior convictions, "would impede the court's exercise of conscientious judgment and would thereby frustrate the Legislature's intention to allow relief only to qualified petitioners." We agree. Thus, we conclude that in a petition seeking expungement the petitioner must include all information regarding prior convictions, either indictable or disorderly, as well as all pending matters. Indeed, a person is not eligible for expungement if he or she has more than one indictable conviction. N.J.S.A. 2C:51-2(a). The Legislature has set forth its intent in clear and unambiguous terms by requiring that the statute "be construed with the primary objective of providing relief to the one-time offender who has led a life of rectitude and disassociated himself with unlawful activity." N.J.S.A. 2C:52-32. Our holding today is consistent with the legislative goal. We also note that the judge's conclusion that defendant acted fraudulently was made not in regard to the timeliness issue, but whether defendant was entitled to an expungement on the merits.
We next consider defendant's contention that the State is equitably estopped *634 from seeking to vacate the expungement. We reject that contention. The doctrine of equitable estoppel prevents a party from repudiating prior conduct if such repudiation would not be responsive to the demands of justice and good conscience. Carlsen v. Masters, Mates & Pilots Pension Plan Trust, 80 N.J. 334, 339, 403 A.2d 880 (1979); Davin, L.L.C. v. Daham, 329 N.J.Super. 54, 67, 746 A.2d 1034 (App.Div.2000). While the doctrine of equitable estoppel is applied only in very compelling circumstances, it may be applied where the interests of justice, morality and common fairness clearly dictate that course. Davin, supra, 329 N.J.Super. at 67, 746 A.2d 1034 (internal citation omitted). The doctrine is founded on the fundamental principles of justice and good conscience and is invoked to do equity. Ibid. Moreover, in order to establish a claim of equitable estoppel, the claiming party must show that the alleged conduct was done, or representation was made, intentionally, or under such circumstances that it was both natural and probable that it would induce action. Ibid. (citing Miller v. Miller, 97 N.J. 154, 163, 478 A.2d 351 (1984)). Thus, in order to be entitled to invoke the doctrine of equitable estoppel, the equities must weigh in favor of the party seeking its protection. Moreover, the doctrine is rarely invoked against a governmental entity, although it may be applied in very compelling circumstances in order to prevent manifest injustice. County of Morris v. Fauver, 153 N.J. 80, 104, 707 A.2d 958 (1998). The doctrine should not be freely applied so as to thwart or compromise the legislative will. Ibid. (citing Juliano v. Borough of Ocean Gate, 214 N.J.Super. 503, 507, 520 A.2d 418 (Law Div.1986)).
In weighing the equities under the circumstances here presented, we conclude that defendant is not entitled to invoke the doctrine of equitable estoppel against the State. While we recognize that equitable estoppel may arise by silence or omission where one is under a duty to speak or act, Davin, supra, 329 N.J.Super. at 69, 746 A.2d 1034, we conclude that there was no act of commission or omission by the State which was designed to induce inaction by defendant, or which rises to the level of a manifest injustice sufficient to estop it from seeking to vacate the expungement order.
First of all, N.J.S.A. 2C:52-2(a) rendered defendant statutorily ineligible for expungement in light of his other convictions. Had his entire record been disclosed in his petition, the judge would not have granted the expungement. Moreover, the delay in seeking to vacate the expungement more than five years after the order was signed is the fault of defendant, rather than the State, since defendant never served the order upon the State and the designated agencies, thus depriving them of the opportunity to make a timely objection. Certainly, the State Police had the right to assume that the application had been denied based upon their report to the county prosecutor. Moreover, the order was obtained under most unusual circumstances. It was not presented to the judge on the return date. Rather, it was presented to the judge without the presence of a representative of the State on the day of the judge's retirement. Under these circumstances, we conclude that there are no equitable considerations favoring defendant in his effort to estop the State and we reject his contention.
We next consider defendant's contention that the law of the case doctrine precludes the State from continuing to prosecute defendant on the underlying charge. That contention is based upon the statement in our prior opinion that if the expungement order was signed, the accusation *635 should be dismissed. Initially, we note that defendant never formally moved for dismissal of the indictment. Indeed, he could not have made that application in Mercer County, since, ordinarily, a Mercer County judge would not have the right to dismiss a Hunterdon County indictment. It is well-settled that appellate courts decline to consider issues not presented to the trial court in the first instance unless those issues that are raised for the first time on appeal go to the jurisdiction of the trial court or concern matters of great public interest. Nieder v. Royal Indemnity Ins. Co., 62 N.J. 229, 234, 300 A.2d 142 (1973).
Moreover, the law of the case doctrine is not mandatory and need not be mechanistically applied in all cases. Rather, when applied to interlocutory orders, the doctrine is discretionary to be applied flexibly in order to serve the interest of justice. State v. Reldan, 100 N.J. 187, 205, 495 A.2d 76 (1985). Our prior observation that the accusation should be dismissed if the order had been signed presumed that the order was validly obtained. However, we have now determined that the order was not properly obtained. We decline to apply the law of the case doctrine to dismiss the indictment simply because the order was signed since it is clear that defendant was not entitled to an expungement.
Affirmed.
NOTES
[1] We note that in his petition defendant never mentioned the charge of unlawfully maintaining a place where controlled dangerous substances are kept. We also note that N.J.S.A. 2C:52-2(c) precludes expungement of convictions for possession of a controlled dangerous substance with the intent "to sell", unless the substance involved was twenty-five grams or less of marijuana or five grams or less of hashish. We cannot determine from this record the nature of the controlled dangerous substance defendant admitted possessing with the intent to distribute or its quantity. However, these issues are not raised by the State and we elect not to consider them.
[2] Defendant's appellate attorney is not the attorney who obtained the expungement.
[3] There is nothing in the record furnished us on appeal that would support that conclusion.