# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1776-23

IN THE MATTER OF THE
EXPUNGEMENT OF THE
CRIMINAL/JUVENILE
RECORDS OF B.M.R.

_____

Argued April 3, 2025 – Decided April 21, 2025

Before Judges Natali and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. XP-23-001047.

Michele E. Friedman, Assistant Deputy Public Defender, argued the cause for appellant B.M.R. (Jennifer N. Sellitti, Public Defender, attorney; Michele E. Friedman, of counsel and on the brief).

Hudson E. Knight, Assistant Prosecutor, argued the cause for respondent State of New Jersey (Yolanda Ciccone, Middlesex County Prosecutor, attorney; Hudson E. Knight, of counsel and on the brief).

PER CURIAM

Petitioner B.M.R.[1] appeals from the February 7, 2024 order denying his petition for expungement pursuant to N.J.S.A. 2C:52-2(c)(3). Because petitioner had a previous criminal conviction expunged, his petition was barred in accordance with N.J.S.A. 2C:52-14(e). Accordingly, we affirm.

Petitioner filed a petition for expungement "pursuant to N.J.S.A. 2C:52-2(c)(3) of a third[-] or fourth[-]degree controlled dangerous substance crime." It is undisputed petitioner had a previous criminal conviction expunged and was ineligible for expungement under that subsection pursuant to N.J.S.A. 2C:52-14(e).

It is also undisputed at the time petitioner filed his petition he was not eligible for a "clean slate" expungement pursuant to N.J.S.A. 2C:52-5.3. Petitioner represented to the trial court, the petition "was originally filed as a clean slate by accident. We fixed that. It[ is] just a regular expungement."

The State objected to the petition because petitioner did not list his prior expunged offenses in his verified petition. Specifically, N.J.S.A. 2C:52-7(c) provides, "[e]very petition for expungement filed pursuant to this chapter . . . shall be verified and include . . . [t]he . . . statutes and . . . offenses

---

[1] We use initials for the expungement applicant in accordance with N.J.S.A. 2C:52-15 and Rule 1:38-3(c)(7).

for which petitioner was arrested and of which petitioner was convicted." Petitioner refused to amend the petition arguing he was not required to include previously expunged convictions.

On January 11, 2024, the court heard oral argument and denied the petition in an oral opinion. The court found petitioner was required to include previously expunged convictions and failed to do so. On February 7, 2024, the court entered an order denying the petition for the reasons set forth on January 11.

On appeal, petitioner raises the following arguments for our consideration.

> POINT I
>
> The Trial Court's Finding that Petitioner Was Required to Provide Details About Previously-Expunged Arrest Records on His Present Petition for Expungement Contravenes the Plain Meaning of N.J.S.A. 2C:52-7 and Overlooks the Overarching Statutory Expungement Scheme.
>
> > A. The Plain Language of N.J.S.A. 2C:52-7 Does Not Require Inclusion of Previously-Expunged Arrest Records on a Petition for Expungement, and the Holding in [State v.] DeMarco[, 174 N.J. Super. 411 (Law Div. 1980)] Does Not Pertain to Expunged Records.
> >
> > B. The Trial Court's Ruling Contravenes the Statutory Expungement Scheme, which Specifically Delineates the Narrow Circumstances When Expunged Records May Be Released.

A-1776-23

We affirm, albeit for reasons other than those set forth in the court's oral opinion. Appeals are taken from orders, not opinions. Hayes v. Delamotte, 231 N.J. 373, 387 (2018); Suburban Dep't Stores v. City of E. Orange, 47 N.J. Super. 472, 479 (App. Div. 1957) ("It is only what a court adjudicates, not what it says in an opinion, that has any direct legal effect." (citing Hughes v. Eisner, 8 N.J. 228 (1951))). "A trial court judgment that reaches the proper conclusion must be affirmed even if it is based on the wrong reasoning." Hayes, 231 N.J. at 387 (citing Isko v. Planning Bd., 51 N.J. 162, 175 (1968)).

It is undisputed petitioner was not entitled to expungement pursuant to N.J.S.A. 2C:52-2(c)(3) because he had a prior expungement. The petition was precluded by N.J.S.A. 2C:52-14(e) and was correctly denied. It is also undisputed petitioner was ineligible for a "clean slate" expungement at the time he filed his petition. If, as petitioner contends, he is now eligible for a "clean slate" expungement pursuant to N.J.S.A. 2C:52-5.3, he is free to seek that relief. We do not express any opinion on whether prior expunged convictions must be included in a petition for a "clean slate" expungement because that question was neither addressed by the trial court nor properly raised on appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

4                                          A-1776-23