**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0325-24

JACQUELINE MHREZ,
on behalf of herself and
all others similarly situated,

     Plaintiff-Appellant,

v.

FIRST NATIONAL
COLLECTION BUREAU, INC.,

     Defendant-Respondent.

_____

Submitted September 22, 2025 – Decided November 3, 2025

Before Judges Walcott-Henderson and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-2314-22.

Zemel Law, LLC, attorneys for appellant (Daniel Zemel and Nicholas Linker, on the briefs).

Lippes Mathias LLP, attorneys for respondent (Sean M. O'Brien, on the brief).

PER CURIAM

Plaintiff Jacqueline Mhrez appeals from a Law Division order granting summary judgment in favor of defendant First National Collection Bureau, Inc. dismissing her complaint. Having considered the arguments in light of the record and applicable legal principles, we affirm.

I.

We recite the underlying facts and procedural history relevant to this appeal. Plaintiff incurred debt for personal, familial, and household expenses. After plaintiff failed to pay the debt[1], it was transmitted to defendant for collections. Defendant hired and forwarded plaintiff's information to a letter vendor[2], who prepared and sent a collection letter to plaintiff. Plaintiff alleged defendant improperly provided the vendor with plaintiff's personal information, including the fact that plaintiff owed a debt, which violated the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. Plaintiff filed suit in July 2022, later amending the complaint to add class allegations. In her

---

[1] The record before us does not contain specific information about the underlying debts.

[2] A letter vendor is a third-party mail vendor, hired by a creditor which obtains the name and address of the debtor, details of the debt, and other personal information about the debtor and sends a letter reminding the debtor of the terms of the debt. See Khimmat v. Weltman, Weinberg & Reis Co., LPA, 585 F. Supp. 3d 707, 710 (E.D. Pa. 2022).

complaint, plaintiff asserted defendant violated section 1692c(b) of the FDCPA, which states:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, <u>with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector</u>.

> [15 U.S.C. § 1692c(b) (emphasis added).]

Defendant removed the suit to federal court based on plaintiff's allegations of a federal cause of action. The matter was remanded to state court in November 2022. Thereafter, defendant moved to dismiss plaintiff's claim. The court denied defendant's motion without prejudice—after converting the motion to a motion for summary judgment—finding that defendant's actions "could" violate the FDCPA.

Plaintiff filed a motion to certify the class in May 2024, which was granted. While the class certification motion was pending, defendant filed a second motion for summary judgment. After hearing oral arguments, the trial court granted defendant's motion and dismissed plaintiff's complaint. In

A-0325-24

dismissing plaintiff's complaint, the court found the issues to be identical to two unpublished opinions of this court, and the conduct of defendant was not "an abusive practice under the FDCPA." Additionally, the court found it was not bound by the law of the case doctrine because the unpublished appellate decisions it relied on were issued between the first court's ruling and the date of its decision. This appeal followed.

On appeal, plaintiff contends the trial court erred by departing from the law of the case and by ignoring several conventions of statutory interpretation. Specifically, plaintiff contends the court should not have considered anything beyond the text of the statute because its plain meaning is clear and unambiguous; the court should have given greater weight to federal court decisions because the FDCPA is a federal statute; and the court should have interpreted the statute to the benefit of the consumer.

II.

We review the disposition of a summary judgment motion de novo, applying the same standard used by the motion judge. Townsend v. Pierre, 221 N.J. 36, 59 (2015). Like the motion judge, we view "the competent evidential materials presented . . . in the light most favorable to the non-moving party, [and determine whether they] are sufficient to permit a rational factfinder to

A-0325-24

resolve the alleged disputed issue in favor of the non-moving party." Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)); see also R. 4:46-2(c).

A.

We first address plaintiff's argument the trial court erred by departing from the law of the case doctrine in rejecting the finding of the first court which had denied defendant's summary judgment motion without prejudice. The law of the case doctrine generally stands for the proposition that "where there is an unreversed decision of law or fact made during the course of litigation, such decision settles that question for all subsequent stages of the suit." State v. Hale, 127 N.J. Super. 407, 410 (App. Div. 1974) (citations omitted). The doctrine is a non-binding rule intended to "prevent relitigation of a previously resolved issue." Jacoby v. Jacoby, 427 N.J. Super. 109, 117 (App. Div. 2012) (quoting In re Estate of Stockdale, 196 N.J. 275, 311 (2008)).

The doctrine, however, is not an absolute rule because "'the court is never irrevocably bound by its prior interlocutory ruling[.]'" Ibid. (quoting Sisler v. Gannett Co., 222 N.J. Super. 153, 159 (App. Div. 1987)). When applied to interlocutory orders, the doctrine is discretionary to be applied flexibly in order to serve the interest of justice. State v. King, 340 N.J. Super. 390, 400 (App.

5

Div. 2001).  An order denying summary judgment is not subject to the law of the case doctrine because it decides nothing and merely reserves issues for future disposition.  Gonzalez v. Ideal Tile Importing Co., 371 N.J. Super. 349, 356 (App. Div. 2004), aff'd, 184 N.J. 415 (2005).

We conclude the law of the case doctrine does not apply to the summary judgment order denying defendant's first motion, as it is interlocutory in nature and clearly was entered "without prejudice."  We further determine that the grant of summary judgment by a different judge at a later stage was appropriate, and the court was not bound by the previous findings of the court which decided the first motion for summary judgment.  Therefore, we conclude plaintiff's reliance on the law of the case doctrine is without merit.

B.

We next address plaintiff's contention the trial court erred by ignoring several conventions of statutory interpretation in its interpretation of the FDCPA.  To establish an FDCPA claim, a plaintiff must demonstrate:  (1) they are a consumer; (2) the defendant is a debt collector; (3) the challenged practice involves an attempt to collect a "debt" as defined by the FDCPA; and (4) the defendant violated the FDCPA in attempting to collect the debt.  Midland

Funding LLC v. Thiel, 446 N.J. Super. 537, 549 (App. Div. 2016) (quoting Douglass v. Convergent Outsourcing, 765 F.3d 299, 303 (3d Cir. 2014)).

"Where a statute is clear and unambiguous on its face and admits of only one interpretation, a court must infer the Legislature's intent from the statute's plain meaning." Hoover v. Wetzler, 472 N.J. Super. 230, 236 (App. Div. 2022). Additionally, when construing a statute, courts must avoid absurd results and read it in a commonsense manner that advances the legislative purposes. Builders League of S. Jersey, Inc. v. Burlington Cnty. Planning Bd., 353 N.J. Super. 4, 21 (App. Div. 2002) (internal citations omitted). The rule of strict construction cannot be allowed to defeat the evident legislative design. Ibid.

"In adopting the Act, [. . . ] Congress left no doubt that its purpose was to protect debtors from abuse and that Congress perceived a need for national uniformity to fulfill that goal." Rutgers-The State Univ. v. Fogel, 403 N.J. Super. 389, 394 (App. Div. 2008). The FDCPA begins by reciting the findings made by Congress as the basis for its adoption. Congress found there to be "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). Those unacceptable practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Ibid.

A-0325-24

The statutory language clearly shows that the FDCPA does not apply to every communication made to a third party. Only communications whose primary purpose is to induce payment violate the FDCPA's third-party communication restrictions. In this instance, defendant's transmission of plaintiff's information to a letter vendor did not itself seek to collect payment. Instead, it represented an internal step to facilitate the mailing of a collection letter. As such, it was not violative of the FDCPA.

Plaintiff also alleges defendant's use of a letter vendor to create a debt collection letter was, in and of itself, abusive, deceptive or unfair. In support of his argument, plaintiff cites federal decisions interpreting the FDCPA. We note "decisions of the federal courts of appeals are not binding on this court," Daniels v. Hollister Co., 440 N.J. Super. 359, 367 n.7 (App. Div. 2015), and therefore decline to consider the out-of-jurisdiction cases cited by plaintiff. See Pressler & Verniero, Current N.J. Court Rules, cmt. 3.5 on R. 1:36-3 (2025) ("On questions of federal constitutional law and statutory law, only decisions of the United States Supreme Court are binding on the courts of this state.").

We determine plaintiff's argument premised on allegations that defendant's use of a letter vendor to create a debt collection letter was, in and of itself, abusive, deceptive or unfair to be unavailing. We are not persuaded the

A-0325-24

mere act of transmitting encrypted information to a letter vendor who does not have access to the confidential records when generating the letter violates the FDCPA because we are convinced it does not constitute prohibited third-party communication under the statute.

Similarly, we discern these acts by a creditor are not the type of conduct that Congress intended to prevent when it enacted the statute because the transmission of a debtor's information from a creditor to a letter vendor has no nexus to the number of personal bankruptcies filed, marital instability, loss of jobs, and invasions of individual privacy of the debtors. Thus, even affording plaintiff a view of the facts in a light most favorable to her, the complaint fails to allege facts that could establish a violation of the FDCPA

To the extent we have not expressly addressed any of plaintiff's remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0325-24