134 N.J. Super. 61 (1975)
338 A.2d 223
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANNA L. PARNES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 8, 1975.
Decided May 9, 1975.
*62 Before Judges CARTON, CRANE and KOLE.
Mr. Milton C. Yarrow, attorney for appellant.
Mr. Joseph P. Lordi, Essex County Prosecutor, attorney for respondent (Mr. David L. Rhoads, Assistant Prosecutor, of counsel and on the brief).
PER CURIAM.
Defendant was convicted of simple assault and battery upon a juvenile B.D. in the Maplewood Municipal Court. The matter was heard de novo in the Essex County Court because the tape of the municipal court proceedings was inaudible.
Defendant contends that the conviction was against the weight of the evidence and that the trial judge erred in refusing to permit her to examine and use the juvenile court record concerning B.D. relating to the same incident. It is not necessary for us to consider the argument concerning weight of the evidence since we have concluded *63 that defendant was effectively deprived of her right of confrontation. The trial court was correct in refusing to turn the juvenile records over to defendant's counsel. However, defendant should have been permitted to examine and use the juvenile's testimony before the Juvenile Court for purposes of cross-examination. The statutes N.J.S.A. 2A: 4-64 and N.J.S.A. 2A:4-65 protect the juvenile only from disclosure of the disposition of the case. R. 5:9-1(a) and 5:10-6(b) express a policy of confidentiality but this may not be used to shield the juvenile from the use of his testimony for purposes of cross-examination in another trial relating to the same factual situation. To do so would deprive the defendant of the important right of confrontation. Davis v. Alaska, 415 U.S. 308, 319, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974).
The conviction will therefore be reversed and remanded to the Essex County Court for a new trial. Defendant is granted leave to apply to the Essex County Juvenile and Domestic Relations Court for permission to inspect the record pursuant to the provisions of N.J.S.A. 2A:4-65, subd. a(6) and R. 5:10-7(c). Such permission shall be limited to an examination of the testimony of the juvenile B.D. unless that court finds "for good cause shown" that the examination of other portions of the record is warranted.
Reversed and remanded for further proceedings in accordance with this opinion.