148 N.J. Super. 250 (1977)
372 A.2d 620
RONALD ULINSKY, PLAINTIFF-RESPONDENT,
v.
ELLEN AVIGNONE AND MRS. FRANK AVIGNONE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted February 14, 1977.
Decided March 10, 1977.
*251 Before Judges BISCHOFF, MORGAN and FURMAN.
*252 Messrs. Adams, Adubato, Tafro & Connelly, attorneys for appellants (Mr. Maurice H. Connelly, on the brief).
Mr. David J. Zendell, attorney for respondent (Mr. Edward Brown, on the brief).
The opinion of the court was delivered by MORGAN, J.A.D.
In this malicious prosecution action defendants challenge a trial court order denying them access to records concerning plaintiff's arrest, detention and trial which had been expunged at plaintiff's request pursuant to N.J.S.A. 2A:85-17(b). We granted defendants' leave to appeal.
The facts pertinent to this appeal exist without material dispute. Defendants caused plaintiff's arrest when they filed a complaint in the Bloomfield Municipal Court charging him with indecent exposure in violation of N.J.S.A. 2A:115-1. Although there is some dispute as to whether the police investigation preceded or followed the filing of the complaint, there is no question but that it was filed and that plaintiff was arrested as a result. The ensuing municipal court trial, which took place on December 19, 1974 and January 23, 1975, resulted in plaintiff's acquittal.
During the spring of 1975 plaintiff applied to the Bloomfield Municipal Court for an order expunging all records pertaining to his arrest, detention and trial. No law enforcement authority objected to the granting of the application and on July 16, 1975 an order expunging all of the records pertaining to this matter was granted.
Several months later, in November 1975, plaintiff filed his Superior Court complaint alleging that defendants, Ellen Avignone, an infant, and Mrs. Frank Avignone, her mother, "falsely, maliciously and without reasonable and probable cause" charged plaintiff with the offense for which he was later tried and acquitted. Substantial money damages were sought as a result of the alleged injury to plaintiff's reputation and good name, forced change of employment and the *253 necessity to expend monies in defense of the disorderly persons offense of which he was accused.
After they filed an answer to the complaint defendants successfully obtained from plaintiff's attorney the transcript of one of the two days of trial, copies of defendants' statements and one of Theresa Limongello, copies of defendants' complaint against plaintiff, and the arrest and incident report of the Bloomfield police. Contending, however, that these records were not complete  lacking one day of trial, the police investigation, interviews with witnesses, and other records of which they may not have knowledge  defendants moved before the municipal court judge, who had expunged the records at plaintiff's request, for production of all of the records and a complete trial transcript. The application was denied, the municipal judge taking the position that it lacked jurisdiction to grant the requested relief.
A motion in the Superior Court was next filed, again seeking production of all of the records pertaining to plaintiff's arrest, detention and trial. That application was also denied, reluctantly, and on the same grounds, that the court lacked jurisdiction to grant the requested relief. We granted defendants leave to appeal.
N.J.S.A. 2A:85-15 grants to any person acquitted of a violation of a municipal ordinance, the Disorderly Persons Law, a misdemeanor or a high misdemeanor, the right to petition for expungement of all evidence of his arrest, including evidence of detention related thereto. N.J.S.A. 2A:85-16 requires the court, by order, to fix a date for a hearing on the application for expungement and to serve a copy of the order upon the Attorney General, the prosecutor of the county wherein the court is located, the chief of police or other executive head of the police department of the municipality in which the arrest occurred, and upon the chief law enforcement officer of any other law enforcement agency of the State which participated in the arrest in question. The purpose of notifying these authorities of the pending application for expungement and the date of the scheduled hearing *254 thereon is to provide those agencies with the opportunity of tendering their objection to expungement. If any of the law enforcement agencies notified object, expungement is denied, but the records may be sealed, in which case their content may be released upon motion and for good cause shown, and then only in accordance with the limitations set forth in the order. N.J.S.A. 2A:85-18(b). If, however, no objection is received from law enforcement authorities, the court may order the records expunged, in which case the records or the information contained therein are not to be released "for any reason."
N.J.S.A. 2A:85-17(b) provides:
If an order expunging the records is granted by the court, all the records specified in the order shall be removed from the files and placed in the control of a person who shall be designated to retain control over the expunged records and who shall ensure that the records or the information contained therein is not released for any reason. In response to requests for information or records on the person who was arrested, the law enforcement officers and departments shall reply, with respect to the arrest and proceedings which are the subject of the order, that there is no record.
N.J.S.A. 2A:85-21 describes the effect of expungement or sealing in the following terms:
If an order expunging or sealing a record of arrest is granted, the arrest and any proceedings related thereto shall be deemed not to have occurred and the petitioner may answer accordingly any question relating to their occurrence.
In the present case no objection to expungement from law enforcement authorities was received, the records were expunged and, under the literal terms of the statute by which the trial judge conceived himself bound, could not be released "for any reason."
The statutory sense of this enactment is clear. Its purpose is to provide the means of insulating one acquitted of a charge of criminal conduct from the disabilities or adverse effects which could be foreseen as resulting from dissemination *255 of the fact of his mere involvement with law enforcement. The protection made available is, according to its literal terms, quite complete; the expunged records can be exhibited to no one for any reason, not even to the person who sought and obtained expungement. Theoretically, even were plaintiff to attempt to view them for his own purposes, he would be denied access; unable to obtain them for himself, he is in no position to consent to others viewing them. Taken literally, the records, although in existence, are in contemplation of law nonexistent.
The events which they concern and evidence do, nonetheless, have existence; indeed, in this case, they have been specifically drawn in issue by plaintiff himself. Hence, plaintiff eschews the statutory fiction that his arrest and the related proceedings "shall be deemed not to have occurred." N.J.S.A. 2A:85-21. He asserts, understandably and correctly, that his arrest and trial did occur, seeks to visit on defendants' liability for their occurrence, but, at the same time, seeks the protection of the statute in denying defendants access to the records which evidence this occurrence. This he cannot do. The remedy of expungement was never intended as a device by which a plaintiff in a malicious prosecution suit could control the availability of evidence relevant thereto.
Although not so characterized, expungement is a privilege accorded only at the request of the person seeking it and when no law enforcement authority notified of the request has any objection. See State v. San Vito, 133 N.J. Super. 508, 511 (App. Div. 1975). Since it was designed for his benefit, its protection can be waived whenever it is in his best interest that disclosure of the expunged records be made, even though the statute makes no express provision therefor. See Evid. R. 37. For example, were plaintiff to find himself subjected to a second prosecution for this same offense, he could undoubtedly authorize and consent to disclosure of the expunged records in this case to demonstrate incontrovertibly a former acquittal on the merits in support *256 of a claim of double jeopardy. To hold otherwise would convert the privileges of expungement from a haven into a trap for the unwary. The Legislature could have intended no such absurd result.
Hence, although the statute does not, in express terms, make the expunged records available to the one who obtained expungement, there is no question but that the records are so available at his request. That being so, he is privileged to authorize and consent to their disclosure to others, again in his own best interests, and the custodian of the records is obligated to respond to such a request.
By initiating the present suit plaintiff has made disclosure to defendants and the court of the events reflected in the expunged records. His complaint affirmatively pleads the filing of the municipal court complaint, its contents, his resulting arrest, detention, trial and the alleged damage resulting to him therefrom. Trial of the issue will be in a public forum from which the public is not excluded. Any judgment in his favor will, of necessity, be based upon a finding that the events evidenced in the expunged records did occur. In these circumstances, construction of N.J.S.A. 2A:85-17(b) to forbid disclosure of the expunged records reflecting precisely those events which plaintiff has voluntarily disclosed in his own pleadings is unwarranted. Disclosure to defendants, who already have full knowledge of plaintiff's arrest, detention and trial, would neither injure plaintiff nor subvert the purposes of the expungement statute; disclosure would not increase the sum of defendants' knowledge of the incident reflected in the expunged records, but would simply provide them with the wherewithal to defend against the allegations in the complaint.
We therefore hold that as a condition to maintaining a suit for malicious prosecution based upon events reflected in records which have been expunged, a plaintiff must consent to defendants request for inspection and copying of the expunged records and authorize the court to order the custodian thereof to make available to defendants all of the *257 records which have been expunged. The court in which such a suit is filed has the jurisdiction to enter such an order if consented to by the plaintiff in the malicious prosecution action. A refusal to consent to such a request and to authorize disclosure of the expunged record in such circumstances will require the dismissal of the malicious prosecution suit.
Although not presented in precisely this form, the projected issue is not entirely novel. In Brogan v. Passaic Daily News, 22 N.J. 139, 151-152 (1956), the court held that in a libel case assertion by the newspaper of the defense of fair comment and good faith constituted a waiver of a newspaper's privilege against disclosure of sources. See also, Beecroft v. Point Pleasant Print. & Publ. Co., 82 N.J. Super. 269, 275-277 (Law Div. 1964). A governmental privilege against disclosure of official information has been denied in proceedings instituted by the government to which the privileged matter is relevant. See United States v. Cotton Valley Operators Comm., 9 F.R.D. 719, 721 (W.D. La. 1949), aff'd 339 U.S. 940, 70 S.Ct. 793, 94 L.Ed. 1356 (1950); United States ex rel. Schlueter v. Watkins, 67 F. Supp. 556, 561 (S.D.N.Y.), aff'd 158 F.2d 853 (2 Cir.1946). See also, McCormick, The Law of Evidence (2 ed. 1972), § 110. The confidentiality accorded to a juvenile's records has been breached to the extent necessary to insure the right of cross-examination of the juvenile who filed the complaint. State v. Parnes, 134 N.J. Super. 61, 63 (App. Div. 1975); see also In re A.S., 130 N.J. Super. 388, 392-393 (Cty. Ct. 1974). In short, plaintiff must choose: either he leaves the events evidenced in the expunged records in the obscurity from which a trial, with its attendant discovery, may draw them, or he must expose them in full for trial purposes. He cannot do both. See United States v. Andolschek, 142 F.2d 503, 506 (2 Cir.1944).
By our holding we do not undermine the protection afforded by N.J.S.A. 2A:85-17(b). The person whose records are expunged can still insist upon their inviolability and strict enforcement of the order of expungement. He *258 cannot, however, insist upon their continued unavailability while, at the same time, depriving defendants of materials possibly relevant to their defense. The shield of expungement cannot be converted into a sword upon which to impale defendants in malicious prosecution suits. Law enforcement authorities, cognizant of the possibility of such civil actions following an arrest, can require a covenant against such suits as a condition to their consent (or lack of objection) to expungement. See State v. San Vito, supra. No similar opportunity is afforded the private litigant since the latter is not notified of the application for expungement. His exposure to civil action is, however, as real as that of the officer making the arrest; the same means of making defense to such charges should be made available to him. The Legislature could not have intended otherwise.
We, therefore, reverse the trial court order denying defendants access to the expunged records. The matter is remanded to the trial court for a hearing, on the record, in which plaintiff will be asked whether he consents to defendant's request for access to the expunged records. If he refuses to consent, the complaint should be dismissed. If he consents, the court should order the custodian to release the records to defendants or their counsel only and provide for their return after inspection or copying. Defendants and their counsel should be placed on notice in the order that disclosure of the contents of the expunged records to any other person, except during the course of trial or pretrial depositions conducted in connection therewith, will constitute contempt of court and may, in addition, subject them to civil suit for damages resulting from disclosure in violation of the limitations contained in the order.
Reversed and remanded.