669 S.W.2d 376 (1984)
Ex parte W.V., Appellant,
v.
STATE of Texas and District Attorney, Dallas County, Texas, Appellees.
No. 05-82-01281-CV.
Court of Appeals of Texas, Dallas.
March 12, 1984.
Rehearing Denied March 20, 1984.
*377 W.V., pro se.
Henry Wade, Dist. Atty., Tom Streeter, Asst. Dist. Atty., for appellees.
Before STOREY, SPARLING and GUILLOT, JJ.
STOREY, Justice.
W.V. has appealed from that part of the trial court's expunction order which authorizes the office of the Dallas County District Attorney to retain possession of its files relating to the expunction proceedings. The District Attorney also appeals, contending that the court erred in ordering its expunction files returned to the court after two years from the date of dismissal of the charges giving rise to the expunction proceeding. We hold that it was error to authorize retention of the record of the expunction hearing. We therefore reform the court's order to require return of the expunction hearing files.
TEX.CODE CRIM.PROC.ANN. arts. 55.01-.05 (Vernon Supp.1982-83) present a detailed scheme for the expunction of the criminal records of a person who has been arrested for an offense but not charged, or, if charged, has been acquitted or released and the charges dismissed. The expunction proceeding is commenced by the filing of an ex parte petition which must list "all law enforcement agencies, jails or other detention facilities, magistrates, courts, prosecuting attorneys, correctional facilities, central state depositories of criminal records, and other officials or agencies or other entities of this state or of any political subdivision of this state and all central federal depositories of criminal records" which are believed to have records subject to expunction. Article 55.02 § 1(b). Each entity listed is furnished with a copy of the petition and notice of hearing. If the court finds that the petitioner is entitled to expunction, it is required to enter an order to that effect.
The expunction order, when final, is sent to each of the listed officials and agencies in accordance with article 55.02 section 3(a) which provides in part:
the clerk of the court shall send a certified copy of the order ... to each official or agency or other entity of this state or of any political sub-division of this state named in the petition that there is reason to believe has any records or files that are subject to the order. The clerk shall also send a certified copy ... of the order to any central federal depository of criminal records that there is reason to believe has any of the records, together with an explanation of the effect of the order and a request that the records in possession of the depository, including any information with respect to the proceeding under this article be destroyed or returned to the court. [Emphasis added.]
Article 55.02 section 5 governs the actions of the officials and agencies upon receipt of the order. Section 5 provides:
Sec. 5. (a) On receipt of the order, each official or agency or other entity named in the order shall:
(1) return all records and files that are subject to the expunction order to the court or, if removal is impracticable, obliterate all portions of the record or file that identify the petitioner and notify the court of its action; and
(2) delete from its public records all index references to the records and files that are subject to the expunction order.
(b) The court may give the petitioner all records and files returned to it pursuant to its order.

*378 (c) If an order of expunction is issued under this article, the court records concerning expunction proceedings are not open for inspection by anyone except the petitioner unless the order permits retention of a record under Section 4 of this article and the petitioner is again arrested for or charged with an offense arising out of the transaction for which he was arrested. The clerk of the court issuing the order shall obliterate all public references to the proceeding and maintain the files or other records in an area not open to inspection.
Article 55.03 provides in part that "the release, dissemination or use of the expunged records and files for any purpose is prohibited" and article 55.04 imposes criminal sanctions upon one who "releases, disseminates or otherwise uses the records or files." It will be noted that the only exceptions to return of the records are: (1) if return is "impracticable" in which event all portions of the records that identify the petitioner are to be obliterated and (2) if further investigation may lead to prosecution for the offense. Neither of these exceptions are relied upon in the case before us.
Instead the district attorney here urges that retention should be authorized as a protection against a possible civil action arising out of the arrest. The trial court authorized retention expressly for this reason. This is not an exception contained in the statutes. It is clear, however, that section 5(a) and (b) of article 55.02 relate to "records and files subject to the expunction order" and not specifically to the file relating to the expunction proceeding. The expunction statutes contain only two references to the expunction proceedings themselves. These references are in sections 3(a) and 5(c) of article 55.02 which are set out above.
We are persuaded nevertheless that a reading of section 5 of article 55.02, in its entirety, together with the remaining expunction statutes, compels the conclusion that each official and agency named in the expunction order is required to return its expunction file as well as the expunged records. We are led to this conclusion by mandate of the Code Construction Act, specifically section 3.03, which requires us to construe a statute, whether or not ambiguous, to accomplish the object sought to be obtained. TEX.REV.CIV.STAT.ANN. art. 5429b-2 § 3.03 (Vernon Supp.1982-83).
The obvious objective of the expunction statutes is to remove from public access and from access by the officials and agencies named in the order all evidence of a petitioner's arrest and the charges made against him. This evidence consists generally of the indictment and the photographs, fingerprints, and other matters comprising the arrest record. Here, the file sought to be retained relates to the expunction proceeding. It consists of the petition for expunction, the notices to the various agencies, and the order of expunction.
The petition for expunction sets out in detail the petitioner's name, the date and nature of the offense with which the petitioner was charged, the date of arrest and names of arresting officers, the Dallas Police Department and Sheriff Department book-in numbers, bond reference numbers, and the District Attorney's case file number. The order of expunction names the petitioner, the date of his arrest, and a list by name and address of all officials and agencies to which the order is directed. It is clear, therefore, that the expunged file, that is the indictment and arrest record, contains little if any information which is not contained in the expunction hearing file. An incongruous result would be obtained in ordering the return or obliteration of one and at the same time allowing retention of the other.[1]
The district attorney argues that, if the expunction file is retained, sufficient protection *379 is afforded the petitioner by the criminal sanctions imposed upon the release, dissemination, or other use of the file. Article 55.04. This argument would seem to beg the question. An unauthorized "use" of the file could cause the very damage to petitioner which the legislature has sought to avert by enactment of the expunction statutes and punishment of the wrongdoer could not avoid or repair the damage occasioned by the use.
Additionally, the district attorney points to a seeming inconsistency contained in article 55.02, section 3(a). This article, as quoted above, requires the clerk of the court to send a copy of the final order of expunction to each official or agency of this state named in the petition. The article then requires a copy of the order sent to any federal depository of criminal records with an explanation of its effect and a request that the records in possession of the depository "including any information with respect to the proceeding under this article be destroyed or returned to the court." [Emphasis added.] The district attorney contends that because the directive to state officials and agencies does not contain the same language with respect to the expunction proceedings, those officials and agencies are not required to return the expunction files. An argument may be made in favor of this contention, namely, that state officials and agencies are more readily susceptible to the sanctions imposed by article 55.04. However, as noted above, the imposition of sanctions does not accomplish the objective which the legislature obviously intended. Indeed the same argument could be made in favor of state officials and agencies retaining the expunged materials themselves, but section 5(a) clearly provides otherwise. Consequently, we decline to follow this narrow construction of the statute.
We observe finally that retention of the expunction files is not necessary to afford the district attorney's office the protection from civil actions which it seeks. The expunction statutes contemplate that, while the indictment and arrest record may be returned to the petitioner, the expunction file will be retained by the court subject to inspection only by the petitioner. Article 55.02 § 5(c). If the petitioner should file a civil action arising out of his arrest, he necessarily by his own allegations makes the materials contained in the expunged records, as well as the contents of the expunction file, a matter of public record subject to discovery proceedings. This question was presented to the superior court of New Jersey in Ulinsky v. Avignone, 148 N.J.Super. 250, 372 A.2d 620 (1977), under an expunction statute which denied access to anyone, including the petitioner. The court there stated: "The remedy of expungment was never intended as a device by which a plaintiff in a malicious prosecution suit could control the availability of evidence relative thereto." The court held that a refusal to consent to disclosure of the record required dismissal of the civil action. We can perceive of no reason under our expunction statutes that a Texas court would not grant similar relief.
We accordingly reform the trial court's order of October 28, 1982, insofar as its modification of the magistrate's order of August 27, 1982 authorizes retention of the expunction files for a period of two years. In all other respects the order of October 28, 1982, which adopts the magistrate's order of August 27, 1982, is affirmed.
The judgment appealed from is ordered reformed, and as reformed, affirmed.
SPARLING, Justice, dissenting.
I disagree with the majority's view of the legislative intent of TEX.CODE CRIM. PROC. art. 55.01, et seq. (Vernon Supp. 1982-1983). More particularly, I disagree with that portion of the opinion that declares that the objective of the statute is to remove all evidence of the arrest and expunction proceedings. Conversely, I believe Chapter 55 is intended to prevent the public dissemination of certain arrest records, not the obliteration of all information that exists or could be found evidencing *380 that the event occurred. Accordingly, I dissent.
First, recall that the records in this case are of the expunction proceedings, not the direct records of the arrest. It is appropriate to treat the two identically, the majority theorizes, because the record of the proceedings refers to the arrest. Thus, the majority continues, a record of the proceedings falls within the definition: "all records and files relating to the arrest."[1] Art. 55.01. I am troubled, however, because the statute does not specify what records or files "relate to the arrest." Since the statute says "all records," can we assume that it includes records kept by appellant's counsel? Obviously not. But what about a newspaper's archives, or the personal notebooks of the arresting officer, or a daily reminder calendar of a prosecutor? Is it mandatory that these be expunged? Perhaps so, under the majority's holding.
It may be argued that Chapter 55 applies only to criminal records, since Chapter 55 is entitled "Expunction of Criminal Records." Yet an expunction proceeding is a civil proceeding; therefore, the records emanating from the proceeding are civil records, not criminal records.[2]
I would agree that the statute contemplates that arrest records, including records and files of the expungment proceeding, should be deleted from "public records" in control of a governmental agency. This, however, does not affect the records in this case because a district attorney's files are not open to the public; thus, they are not "public" records. TEX.REV. CIV.STAT.ANN. art. 6252-17a, § 3(a)(3), (8) (Vernon Supp.1982-83). By contrast, court records are subject to public scrutiny, Nixon v. Warner Communications, Inc., 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978), so the statute compensates for this condition by creating an exception to the public status of court records of expunction proceedings. Art. 55.02, § 5(c). If a state office has private expunged files, but public indexing to those files, the statute again addresses the issue by requiring that the agency "delete from its public records all index references to the records and files that are subject to the expunction order." Art. 55.02, § 5(a)(2). I note that this portion of the statute does not require deletion of all records but only "public" records. Therefore, I reason that the statute contemplates that some records may be retained. The majority, however, holds otherwise.
The majority relies, in part, upon article 55.02 § 5(a), which states, "on receipt of the order, each official or agency or other entity [again, would this include a non-government entity?] named in the order shall (1) return[3] all records and files that are subject to the expunction order to the court...." I would hold that a private file of the expunction proceeding is not "subject to the expunction order."
Clearly, the statute acknowledges the distinction between arrest records and expunction proceeding records. For example, article 55.02, § 3(a) requires the clerk to request a federal depository of records to return any information that it possesses "with respect to the proceedings under this article." Other than the requirement that the court secrete the records of the proceedings of expunction, no other agency or entity is required by statute to "return" or expunge the records of the proceedings. Thus, it would appear that the legislature did not intend to require all records of the proceedings be expunged.
If, as I believe, the purpose of Chapter 55 is to avoid public dissemination of arrest information, rather than to annihilate all memory of the event, then the issue narrows to how this may be accomplished if *381 confidential records of the expunction proceedings are retained. The obvious answer is that article 55.04, § 1 provides penal sanctions against one who "knowingly releases, disseminates or otherwise uses the records or files." Punishment is designed to have a deterrent effect on the commission of crimes, TEX.PENAL CODE ANN. § 1.02(1)(A); thus, we must assume that the legislature intended that the penal provisions would prevent the public disclosure of otherwise private arrest information. The fact that the statute requires that a federal depository return "proceedings" information speaks to the difficulty of charging a federal employee or agency with an offense under article 55.04.
Finally, this dissent is written from an appeals court file that is replete with information as to the identity of "W.V." The file is open to the public; yet I find no member of the majority, scissors in hand, expunging this information from the file. Perhaps our records are more sacrosanct than the records of those that we judge.
I would allow the State to retain its records of the expunction proceeding, subject to criminal prosecution, in the event that the information is divulged to the public. Accordingly, I dissent from the majority opinion.
NOTES
[1] Judge Teague in his Texas Criminal Practice Guide reaches this conclusion. He observes that "the clerk of the district court is included because the expunction order extends to all information concerning both the arrest and the expunction proceeding." 1 M. Teague, TEXAS CRIMINAL PRACTICE GUIDE § 11.50[2](1)(e)(x) (1983).
[1] All emphases are supplied.
[2] Article 55.02, § 3(a) provides "Any petitioner or agency protesting the expunction may appeal the court's decision in the same manner as in other civil cases."
[3] The use of the word "return" is confusing because the word means "to pass back to an earlier possessor," Webster's New Collegiate Dictionary 982 (G. & C. Merriam Company 1981). Strictly speaking, this would relate to records that had previously been in the court's possession. There is no evidence that the court ever possessed the records in this case.