

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-04-098-CV

CITY OF FORT WORTH                                                    APPELLANT

V.

D.T.                                                                   APPELLEE

------------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

## OPINION

------------

### I. INTRODUCTION

The only issue we address in this appeal is whether Appellant City of Fort Worth possessed standing to bring a motion to set aside the trial court's order of expunction entered in favor of Appellee D.T. Fort Worth, D.T.'s employer, was not listed in D.T.'s expunction petition as a law enforcement entity having records or files subject to expunction, and accordingly, it received no notice of the expunction proceedings. *See* Tex. Code Crim. Proc. Ann. art. 55.02,

§ 2(b)(8), (c) (Vernon Supp. 2004-05). After the trial court entered an expunction order, Fort Worth filed a motion to set it aside, but the trial court ruled that Fort Worth lacked standing. Because Fort Worth was not a party to the expunction proceedings, is not bound by the expunction order's mandate to destroy records or to return them, and will not suffer, by virtue of the expunction order, any peculiar injury not suffered by the public generally, we hold that Fort Worth lacked standing to challenge the order of expunction. We affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

D.T. is a corporal in the Fort Worth Police Department. On August 11, 2002, D.T. was arrested in Parker County and charged by information with misdemeanor assault. The Parker County Attorney subsequently moved to dismiss the misdemeanor complaint, citing insufficient evidence to proceed with the trial and the fact that the complaining witness had requested that the cause be dropped. D.T. then filed a petition seeking to expunge the dismissed misdemeanor. D.T.'s petition for expunction listed numerous law enforcement entities that D.T. had reason to believe possessed records subject to expunction, but the petition did not list the City of Fort Worth as one of those entities. The trial court conducted an evidentiary hearing and on January 22, 2004 granted D.T.'s petition for expunction.

2

In the meantime, as a result of D.T.'s arrest and the alleged offense, Fort Worth suspended D.T. for 218 days without pay.[1]  After the misdemeanor complaint was dismissed, D.T. requested a hearing before an independent third-party examiner in order to recover $45,000 in backpay and benefits resulting from his suspension.[2]  At the backpay hearing before the examiner on February 3, 2004, D.T. attempted to introduce the expunction order into evidence, but because Fort Worth claimed that it was previously unaware of the order, the hearing officer postponed the hearing.[3]  The hearing officer in this separate proceeding has not yet made any ruling concerning the admissibility of Fort Worth's files and records, specifically a January 14, 2003 letter from the Fort Worth Chief of Police to the Firefighters' and Police Officers' Civil Service Commission  explaining the reasons for D.T.'s suspension.[4]

---

[1] *See* Tex. Loc. Gov't Code Ann. § 143.056(a) (Vernon 1999).

[2] *See id.* § 143.056(e).

[3] The record before us — involving D.T.'s expunction — obviously contains no reporter's record from the February 3, 2004 hearing before the independent third-party examiner and contains no documents from that hearing except to the extent that documents were attached to Fort Worth's motion to set aside D.T.'s expunction.

[4] The crux of Fort Worth's complaint on appeal concerns this letter. Fort Worth argues that it needs this letter to justify its actions in D.T.'s backpay hearing and that D.T. cannot cause this letter to be expunged absent notice to Fort Worth of the expunction proceedings.

3

Fort Worth then filed with the trial court that issued D.T.'s expunction order, in the same cause number, a motion and an amended motion to set aside the order of expunction. Fort Worth claimed that it "did not receive reasonable notice [of D.T.'s petition for expunction] prior to the expunction hearing as required by [article 55.02, § 2(b)(8) of the Texas Code of Criminal Procedure]." Fort Worth claimed that it was entitled to notice of the expunction hearing so that it could show that D.T. was not entitled to an expunction of the documents it possessed as D.T.'s employer. D.T. countered Fort Worth's motion to set aside by filing a plea in abatement averring that Fort Worth lacked standing to assert the claims raised in its motion to set aside.

The trial court conducted a hearing on March 3, 2004, and it subsequently entered a March 9, 2004 order finding that Fort Worth lacked standing to bring its motion to set aside and dismissing that motion, therefore granting D.T.'s plea in abatement. Fort Worth appeals the trial court's order finding that it lacks standing to bring its motion to set aside the expunction order.

### III. STANDING

The issue of standing is a legal question that we review de novo. *City of Arlington v. Scalf*, 117 S.W.3d 345, 347 (Tex. App.—Fort Worth 2003, pet. denied). The test for standing requires that there be a real controversy between

4

the parties that will actually be determined by the judicial declaration sought. *See Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996). To establish standing, one must show a justiciable interest by alleging actual or imminent threat of injury peculiar to one's circumstances and not suffered by the public generally. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-47 (Tex. 1993).

Fort Worth claims that it has standing to move to set aside D.T.'s expunction order because it was entitled to notice of D.T.'s petition for expunction pursuant to Texas Code of Criminal Procedure article 55.02, section 2(b)(8) and (c). Tex. Code Crim. Proc. Ann. art. 55.02, § 2(b)(8), (c). The statutory provisions governing expunction procedures require that the petition for expunction include

> a list of all law enforcement agencies, jails or other detention facilities, magistrates, courts, prosecuting attorneys, correctional facilities, central state depositories of criminal records, and other officials or agencies or other entities of this state or of any political subdivision of this state and of all central federal depositories of criminal records that the petitioner has reason to believe have records or files that are subject to expunction.

*Id*. § 2(b)(8). Each official, agency, or entity listed in the petition is entitled to reasonable notice of the expunction hearing by certified mail, return receipt requested. *Id*. § 2(c); *Tex. Dept. of Pub. Safety v. Deck*, 954 S.W.2d 108, 112 (Tex. App.—San Antonio 1997, no pet.) (op. on reh'g) (holding law

5

enforcement agencies listed in the expunction petition entitled to notice of expunction hearing).

Once an expunction order is entered, every law enforcement official, agency, or other entity listed in the expunction order holding records or files concerning the expunged arrest is served with the expunction order and is required to return all records and files subject to the expunction order or, if removal is impracticable, to obliterate all portions of the record or file that identify the person who is the subject of the order. Tex. Code Crim. Proc. Ann. art. 55.02, §§ 3(c), 5(a). An entity that is not listed in the expunction petition, and consequently is not listed in the expunction order, however, is not bound by a court order to destroy records or to return them. Op. Tex. Att'y Gen. No. LO-93-88 (1993) (opining that because "expungement order does not name the Department of Protective and Regulatory Services . . . [it] is therefore not required to comply with the article 55.02 requirement that officials and agencies named in the order return records subject to the order to the court or obliterate identifying information if it is impractical to return them"); *see also* 43B DIX & DAWSON, TEXAS PRACTICE: Criminal Practice & Procedure § 48.50 (2001) ("Agencies that were not served with notice of the expunction proceedings are not bound by court order to destroy records."). Although an entity not listed in the petition is not required to destroy, return, or obliterate

6

information from expunged records, such an entity is nonetheless prohibited from releasing, disseminating, or using the expunged records and files for any purpose. Tex. Code Crim. Proc. Ann. art. 55.03 (Vernon Supp. 2004-05).

We now turn to the issue of whether Fort Worth, via its motion to set aside D.T.'s expunction order, established standing. Fort Worth's motion to set aside D.T.'s expunction order does not indicate that Fort Worth was a "law enforcement agency" or purported "entity of this state" holding records subject to expunction in that capacity. *See* Tex. Code Crim. Proc. Ann. art. 55.02, § 2(b)(8) (listing entities commonly maintaining arrest records). Fort Worth does not argue that it obtained records or files relating to D.T.'s arrest because it is a governmental entity. Instead, Fort Worth's motion to set aside indicated only that it possessed nonexpungable information concerning D.T.'s arrest in its capacity as D.T.'s employer. Specifically, Fort Worth asserts that the January 14, 2003 letter from the Fort Worth Chief of Police to the Firefighters' and Police Officers' Civil Service Commission explaining the reasons for D.T.'s suspension should not be subject to expunction. As an employer and an entity not listed in D.T.'s petition for expunction, however, Fort Worth is not required to destroy or to obliterate any records pursuant to the expunction order. *See* Op. Tex. Att'y Gen, No. LO-93-88. Because Fort Worth is not subject to the expunction order's provisions concerning destruction or obliteration of records

7

or files regarding D.T.'s expunged arrest, no real controversy exists between the parties; that is, D.T.'s expunction order does not harm Fort Worth by requiring destruction or obliteration of any of Fort Worth's records or files. *See Tex. Ass'n of Bus*., 852 S.W.2d at 444 (explaining that allegation of actual or imminent threat of some injury is required to establish standing).

We next examine whether the statutory provision that an entity, even one not listed in the expunction petition or order, is nonetheless prohibited from releasing, disseminating, or using the expunged records and files for any purpose gives Fort Worth standing to contest D.T.'s expunction order. *See* Tex. Code Crim. Proc. Ann. art. 55.03. Fort Worth claims that it needs the January 14, 2003 letter from the Fort Worth Chief of Police to the Firefighters' and Police Officers' Civil Service Commission explaining the reasons for D.T.'s suspension to defend against D.T.'s claim for backpay.[5] In a similar situation, the Dallas Court of Appeals rejected the district attorney's argument that

_____

[5] The expunction statute authorizes expunction of "all records and files relating to the arrest." Tex. Code Crim. Proc. Ann. art. 55.01. The records and files relating to an arrest generally consist of the indictment and the photographs, fingerprints, and other matters comprising the arrest record and records concerning the expunction proceeding. *Carson v. State*, 65 S.W.3d 774, 785 (Tex. App.—Fort Worth 2001, no pet.) (op. on reh'g). Records and files unrelated to the expunged arrest are not subject to expunction. Tex. Code Crim. Proc. Ann. art. 55.01. We do not reach the issue of whether the January 14, 2003 letter is a "record or file relating to the arrest."

8

records and files his office held should not be subject to expunction because the district attorney's office might need the records for use in a possible civil action arising out of the expunged arrest. *W.V. v. State*, 669 S.W.2d 376, 378 (Tex. App.—Dallas 1984, writ ref'd n.r.e.). The Dallas Court of Appeals held,

> [R]etention of the expunction files is not necessary to afford the district attorney's office the protection from civil actions which it seeks. The expunction statutes contemplate that, while the indictment and arrest record may be returned to the petitioner, the expunction file will be retained by the court subject to inspection only by the petitioner. Article 55.02 § 5(c). If the petitioner should file a civil action arising out of his arrest, he necessarily by his own allegations makes the materials contained in the expunged records, as well as the contents of the expunction file, a matter of public record subject to discovery proceedings. This question was presented to the superior court of New Jersey in *Ulinsky v. Avignone*, 148 N.J.Super. 250, 372 A.2d 620 (1977), under an expunction statute which denied access to anyone, including the petitioner. The court there stated: "The remedy of expungment was never intended as a device by which a plaintiff in a malicious prosecution suit could control the availability of evidence relative thereto." The court held that a refusal to consent to disclosure of the record required dismissal of the civil action. We can perceive of no reason under our expunction statutes that a Texas court would not grant similar relief.

*Id.* at 379. Thus, under article 55.03 of the code of criminal procedure, Fort Worth may release, disseminate, or use any of its records that are not classified as "expunged records" to the same extent that the general public may release, disseminate, or use records not classified as expunged records. *See* Tex. Code

9

Crim. Proc. Ann. art. 55.03.  Under article 55.03 of the code of criminal procedure Fort Worth may release, disseminate, or use any of its records that are classified as "expunged records" for the purpose of defending itself in a proceeding arising out of the arrest to the same extent as any entity or member of the general public in the same situation. *Id.*; *accord W.V.*, 669 S.W.2d at 378.  Consequently, Fort Worth has not shown or alleged any actual or imminent threat of injury not suffered by the public generally.  *Tex. Ass'n of Bus.*, 852 S.W.2d at 443-47.  We hold that, here, Fort Worth does not possess standing to challenge in the trial court the expunction order entered in favor of D.T.  We overrule Fort Worth's sole issue.

## IV. CONCLUSION

Having overruled Fort Worth's issue, we affirm the trial court's judgment.


SUE WALKER
JUSTICE

PANEL A:   CAYCE, C.J.; HOLMAN and WALKER, JJ.

DELIVERED: May 5, 2005

10