COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-04-098-CV

 

 

CITY OF FORT WORTH                                                         APPELLANT

 

                                                   V.

 

D.T.                                                                                     APPELLEE

 

                                              ------------

 

             FROM THE 43RD
DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

                                          I.  INTRODUCTION








The only issue we address in this appeal is
whether Appellant City of Fort Worth possessed standing to bring a motion to
set aside the trial court=s order of expunction entered in
favor of Appellee D.T.  Fort Worth, D.T.=s
employer, was not listed in D.T.=s
expunction petition as a law enforcement entity having records or files subject
to expunction, and accordingly, it received no notice of the expunction
proceedings.  See Tex. Code Crim.
Proc. Ann. art. 55.02, ' 2(b)(8), (c) (Vernon Supp.
2004-05).  After the trial court entered
an expunction order, Fort Worth filed a motion to set it aside, but the trial
court ruled that Fort Worth lacked standing. 
Because Fort Worth was not a party to the expunction proceedings, is not
bound by the expunction order=s
mandate to destroy records or to return them, and will not suffer, by virtue of
the expunction order, any peculiar injury not suffered by the public generally,
we hold that Fort Worth lacked standing to challenge the order of
expunction.  We affirm.

                          II.  FACTUAL AND PROCEDURAL BACKGROUND

D.T. is a corporal in the Fort Worth Police
Department.  On August 11, 2002, D.T. was
arrested in Parker County and charged by information with misdemeanor
assault.  The Parker County Attorney
subsequently moved to dismiss the misdemeanor complaint, citing insufficient
evidence to proceed with the trial and the fact that the complaining witness
had requested that the cause be dropped. 
D.T. then filed a petition seeking to expunge the dismissed
misdemeanor.  D.T.=s
petition for expunction listed numerous law enforcement entities that D.T. had
reason to believe possessed records subject to expunction, but the petition did
not list the City of Fort Worth as one of those entities.  The trial court conducted an evidentiary
hearing and on January 22, 2004 granted D.T.=s
petition for expunction.








In the meantime, as a result of D.T.=s arrest
and the alleged offense, Fort Worth suspended D.T. for 218 days without pay.[1]  After the misdemeanor complaint was
dismissed, D.T. requested a hearing before an independent third-party examiner
in order to recover $45,000 in backpay and benefits resulting from his
suspension.[2]  At the backpay hearing before the examiner on
February 3, 2004, D.T. attempted to introduce the expunction order into
evidence, but because Fort Worth claimed that it was previously unaware of the
order, the hearing officer postponed the hearing.[3]  The hearing officer in this separate
proceeding has not yet made any ruling concerning the admissibility of Fort
Worth=s files
and records, specifically a January 14, 2003 letter from the Fort Worth Chief
of Police to the Firefighters= and
Police Officers= Civil Service Commission  explaining the reasons for D.T.=s
suspension.[4]








Fort Worth then filed with the trial court that
issued D.T.=s expunction order, in the same
cause number, a motion and an amended motion to set aside the order of
expunction.  Fort Worth claimed that it Adid not
receive reasonable notice [of D.T.=s
petition for expunction] prior to the expunction hearing as required by
[article 55.02, ' 2(b)(8) of the Texas Code of
Criminal Procedure].@ 
Fort Worth claimed that it was entitled to notice of the expunction
hearing so that it could show that D.T. was not entitled to an expunction of
the documents it possessed as D.T.=s
employer.  D.T. countered Fort Worth=s motion
to set aside by filing a plea in abatement averring that Fort Worth lacked
standing to assert the claims raised in its motion to set aside.

The trial court conducted a hearing on March 3,
2004, and it subsequently entered a March 9, 2004 order finding that Fort Worth
lacked standing to bring its motion to set aside and dismissing that motion,
therefore granting D.T.=s plea in abatement.  Fort Worth appeals the trial court=s order
finding that it lacks standing to bring its motion to set aside the expunction
order.

                                            III.  STANDING








The issue of standing is a legal question that we
review de novo.  City of Arlington v.
Scalf, 117 S.W.3d 345, 347 (Tex. App.CFort
Worth 2003, pet. denied).  The test for
standing requires that there be a real controversy between the parties that
will actually be determined by the judicial declaration sought.  See Nootsie, Ltd. v. Williamson County
Appraisal Dist., 925 S.W.2d 659, 662 (Tex. 1996).  To establish standing, one must show a
justiciable interest by alleging actual or imminent threat of injury peculiar
to one's circumstances and not suffered by the public generally.  Tex. Ass=n of
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443-47 (Tex.
1993).

Fort Worth claims that it has standing to move to
set aside D.T.=s expunction order because it
was entitled to notice of D.T.=s
petition for expunction pursuant to Texas Code of Criminal Procedure article
55.02, section 2(b)(8) and (c).  Tex.
Code Crim. Proc. Ann. art. 55.02, '
2(b)(8), (c).  The statutory provisions
governing expunction procedures require that the petition for expunction
include

a list of all law
enforcement agencies, jails or other detention facilities, magistrates, courts,
prosecuting attorneys, correctional facilities, central state depositories of
criminal records, and other officials or agencies or other entities of this
state or of any political subdivision of this state and of all central federal
depositories of criminal records that the petitioner has reason to believe have
records or files that are subject to expunction.

 








Id. '
2(b)(8).  Each official, agency, or
entity listed in the petition is entitled to reasonable notice of the expunction
hearing by certified mail, return receipt requested.  Id. ' 2(c); Tex.
Dept. of Pub. Safety v. Deck, 954 S.W.2d 108, 112 (Tex. App.CSan
Antonio 1997, no pet.) (op. on reh=g)
(holding law enforcement agencies listed in the expunction petition entitled to
notice of expunction hearing).








Once an expunction order is entered, every law
enforcement official, agency, or other entity listed in the expunction order
holding records or files concerning the expunged arrest is served with the
expunction order and is required to return all records and files subject to the
expunction order or, if removal is impracticable, to obliterate all portions of
the record or file that identify the person who is the subject of the
order.  Tex. Code Crim. Proc. Ann. art.
55.02, '' 3(c),
5(a).  An entity that is not listed in
the expunction petition, and consequently is not listed in the expunction
order, however, is not bound by a court order to destroy records or to return
them.  Op. Tex. Att=y Gen.
No. LO-93-88 (1993) (opining that because Aexpungement
order does not name the Department of Protective and Regulatory Services . . .
[it] is therefore not required to comply with the article 55.02 requirement
that officials and agencies named in the order return records subject to the
order to the court or obliterate identifying information if it is impractical
to return them@); see also 43B DIX & DAWSON, TEXAS PRACTICE:
Criminal Practice & Procedure ' 48.50
(2001) (AAgencies
that were not served with notice of the expunction proceedings are not bound by
court order to destroy records.@).  Although an entity not listed in the petition
is not required to destroy, return, or obliterate information from expunged
records, such an entity is nonetheless prohibited from releasing,
disseminating, or using the expunged records and files for any purpose.  Tex. Code Crim. Proc. Ann. art. 55.03 (Vernon
Supp. 2004-05).








We now turn to the issue of whether Fort Worth,
via its motion to set aside D.T.=s
expunction order, established standing. 
Fort Worth=s motion to set aside D.T.=s
expunction order does not indicate that Fort Worth was a Alaw
enforcement agency@ or purported Aentity
of this state@ holding records subject to
expunction in that capacity.  See
Tex. Code Crim. Proc. Ann. art. 55.02, ' 2(b)(8)
(listing entities commonly maintaining arrest records).  Fort Worth does not argue that it obtained
records or files relating to D.T.=s arrest
because it is a governmental entity. 
Instead, Fort Worth=s motion
to set aside indicated only that it possessed nonexpungable information
concerning D.T.=s arrest in its capacity as D.T.=s
employer.  Specifically, Fort Worth
asserts that the January 14, 2003 letter from the Fort Worth Chief of Police to
the Firefighters= and Police Officers= Civil
Service Commission explaining the reasons for D.T.=s
suspension should not be subject to expunction. 
As an employer and an entity not listed in D.T.=s
petition for expunction, however, Fort Worth is not required to destroy or to
obliterate any records pursuant to the expunction order.  See Op. Tex. Att=y Gen,
No. LO-93-88.  Because Fort Worth is not
subject to the expunction order=s
provisions concerning destruction or obliteration of records or files regarding
D.T.=s
expunged arrest, no real controversy exists between the parties; that is, D.T.=s
expunction order does not harm Fort Worth by requiring destruction or obliteration
of any of Fort Worth=s records or files.  See Tex. Ass=n of Bus., 852
S.W.2d at 444 (explaining that allegation of actual or imminent threat of some
injury is required to establish standing).








We next examine whether the statutory provision
that an entity, even one not listed in the expunction petition or order, is
nonetheless prohibited from releasing, disseminating, or using the expunged
records and files for any purpose gives Fort Worth standing to contest D.T.=s
expunction order.  See Tex. Code
Crim. Proc. Ann. art. 55.03.  Fort Worth
claims that it needs the January 14, 2003 letter from the Fort Worth Chief of
Police to the Firefighters= and
Police Officers= Civil Service Commission
explaining the reasons for D.T.=s
suspension to defend against D.T.=s claim
for backpay.[5]  In a similar situation, the Dallas Court of
Appeals rejected the district attorney=s
argument that records and files his office held should not be subject to
expunction because the district attorney=s office
might need the records for use in a possible civil action arising out of the
expunged arrest.  W.V. v. State,
669 S.W.2d 376, 378 (Tex. App.CDallas
1984, writ ref=d n.r.e.).  The Dallas Court of Appeals held,

[R]etention of the
expunction files is not necessary to afford the district attorney's office the
protection from civil actions which it seeks. 
The expunction statutes contemplate that, while the indictment and
arrest record may be returned to the petitioner, the expunction file will be
retained by the court subject to inspection only by the petitioner.  Article 55.02 ' 5(c).  If the petitioner should file a civil action
arising out of his arrest, he necessarily by his own allegations makes the
materials contained in the expunged records, as well as the contents of the
expunction file, a matter of public record subject to discovery proceedings.  This question was presented to the superior
court of New Jersey in Ulinsky v. Avignone, 148 N.J.Super. 250, 372 A.2d
620 (1977), under an expunction statute which denied access to anyone,
including the petitioner.  The court
there stated:  "The remedy of expungment
was never intended as a device by which a plaintiff in a malicious prosecution
suit could control the availability of evidence relative thereto."   The court held that a refusal to consent to
disclosure of the record required dismissal of the civil action.  We can perceive of no reason under our
expunction statutes that a Texas court would not grant similar relief.

 








Id. at 379. 
Thus, under article 55.03 of the code of criminal procedure, Fort Worth
may release, disseminate, or use any of its records that are not classified as Aexpunged
records@ to the
same extent that the general public may release, disseminate, or use records
not classified as expunged records.  See
Tex. Code Crim. Proc. Ann. art. 55.03. 
Under article 55.03 of the code of criminal procedure Fort Worth may
release, disseminate, or use any of its records that are classified as Aexpunged
records@ for the
purpose of defending itself in a proceeding arising out of the arrest to the
same extent as any entity or member of the general public in the same
situation. Id.; accord W.V., 669 S.W.2d at 378.  Consequently, Fort Worth has not shown or
alleged any actual or imminent threat of injury not suffered by the public
generally.  Tex. Ass=n of
Bus., 852 S.W.2d at 443-47.  We hold
that, here, Fort Worth does not possess standing to challenge in the trial
court the expunction order entered in favor of D.T.  We overrule Fort Worth=s sole
issue.

                                          IV.  CONCLUSION

Having overruled Fort Worth=s issue,
we affirm the trial court=s judgment.

 

 

SUE
WALKER

JUSTICE

 

PANEL A:   CAYCE, C.J.; HOLMAN and WALKER, JJ.

 

DELIVERED: May 5, 2005











[1]See Tex. Loc. Gov=t Code Ann. ' 143.056(a) (Vernon
1999).





[2]See id. ' 143.056(e).





[3]The record before usCinvolving D.T.=s expunctionCobviously contains no
reporter=s record from the
February 3, 2004 hearing before the independent third-party examiner and
contains no documents from that hearing except to the extent that documents
were attached to Fort Worth=s motion to set aside D.T.=s expunction.





[4]The crux of Fort Worth=s complaint on appeal
concerns this letter.  Fort Worth argues
that it needs this letter to justify its actions in D.T.=s backpay hearing and
that D.T. cannot cause this letter to be expunged absent notice to Fort Worth
of the expunction proceedings.





[5]The expunction statute
authorizes expunction of Aall records and files
relating to the arrest.@  Tex. Code Crim. Proc. Ann. art. 55.01.  The records and files relating to an arrest
generally consist of the indictment and the photographs, fingerprints, and
other matters comprising the arrest record and records concerning the
expunction proceeding.  Carson v.
State, 65 S.W.3d 774, 785 (Tex. App.CFort Worth 2001, no pet.) (op. on reh=g).  Records and files unrelated to the expunged
arrest are not subject to expunction. 
Tex. Code Crim. Proc. Ann. art. 55.01. 
We do not reach the issue of whether the January 14, 2003 letter is a Arecord or file relating
to the arrest.@