Affirmed and Opinion filed April 1, 2008








Affirmed and Opinion filed April 1, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00719-CV

____________

 

RANDOLPH GOSS, Appellant

 

V.

 

HOUSTON COMMUNITY NEWSPAPERS AND
SARAH MERTINS,
Appellees

 



 

On Appeal from the 113th
District Court

Harris County, Texas

Trial Court Cause No. 2005-46486

 



 

O P I N I O N

Appellant Randolph Goss appeals from the trial court=s order granting
summary judgment in favor of appellees Houston Community Newspapers and Sarah
Mertins.  We affirm.

                                                  Background








In August 2004, the Kingwood Observer, a community
newspaper owned by Houston Community Newspapers, ran a story written by Sarah
Mertins based on a news release from the Harris County Sheriff=s Department.  The
story, entitled ADrag racers arrested by deputy,@ stated that Goss
and another man had been arrested after a Harris County Sheriff=s Deputy observed
that their vehicles appeared to be racing.  The story further reported that
appellant was placed into custody for possession of a controlled substance
while the other man was charged with racing on a highway.  Goss denies that he
was drag racing, and he claims that he had a prescription for the controlled
substance the deputy found.  Goss was never charged with drag racing, and the
controlled substance charge was later dismissed.

Goss sued appellees for libel,[1]
arguing that the information they printed was false and defamatory and that
they should have conducted an independent investigation to reveal all the facts
rather than relying on a police news release.  Appellees moved for summary
judgment in two separate motions, one traditional and the other no evidence, on
the grounds that the story was true and not capable of a defamatory meaning,
they were not negligent in publishing the story, and they are protected by both
statutory and common law privileges.  The trial court granted both motions
without specifying the grounds.  This appeal followed.

                                                      Analysis








Appellees
moved for summary judgment on both traditional and no evidence grounds.  See
Tex. R. Civ. P. 166a(c),
166a(i).  To prevail on a traditional motion for summary judgment, the movant
must show that there is no genuine issue of material fact and that he is
entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c); Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211,
215 (Tex. 2002).  A defendant moving for summary judgment must conclusively
negate at least one essential element of each of the plaintiff=s causes of action or conclusively
establish each element of an affirmative defense.  Sci. Spectrum, Inc. v.
Martinez, 941 S.W.2d 910, 911 (Tex. 1997); Shirvanian v. DeFrates,
161 S.W.3d 102, 106 (Tex. App.CHouston [14th Dist.] 2004, pet. denied).  When we review a
summary judgment, we take as true all evidence favorable to the non‑movant;
we also indulge every reasonable inference and resolve any doubts in favor of
the non‑movant.  Grant, 73 S.W.3d at 215.  As to a no evidence
summary judgment motion, the movant must state the specific elements of a cause
of action for which there is no evidence.  Cuyler v. Minns, 60 S.W.3d
209, 212 (Tex. App.CHouston [14th Dist.] 2001, pet. denied).  If the movant has
identified specific elements he claims lack evidence, we must then determine de
novo whether the non‑movant has produced more than a scintilla of
probative evidence to raise a genuine issue of material fact.  Allen v.
Connolly, 158 S.W.3d 61, 64 (Tex. App.CHouston [14th Dist.] 2005, no pet.). 
When, as here, the trial court does not specify the grounds it relied upon in
granting the motion, we will affirm if any of the grounds are meritorious.  Oliphint
v. Richards, 167 S.W.3d 513, 516 (Tex. App.CHouston [14th Dist.] 2005, pet.
denied).

Appellees argue that summary judgment must be affirmed
without examining the merits because, according to appellees, Goss=s brief fails to
challenge all grounds asserted in the traditional summary judgment motion and
does not mention the no evidence motion at all.  See de Laurentis v.
United Servs. Auto. Ass=n, 162 S.W.3d 714,
726 (Tex. App.CHouston [14th Dist.] 2005, pets. denied) (stating that
when appellant failed to negate a summary judgment ground on appeal, court
could affirm on that basis alone).  Although the statement of issues mentions
only statutory privileges and refers only to the summary judgment motion, which
was a traditional motion, and not the supplemental motion, which was a no
evidence motion, the arguments made under those issues in the brief at least
minimally cover all grounds asserted in both motions.  Thus, we will consider
the merits.  See Tittizer v. Union Gas Corp., 171 S.W.3d 857, 863 (Tex.
2005) (finding appellate court erred in refusing to consider issue referenced
in body of argument, even though wording of the issues did not include it).








In his first two issues, Goss asserts the trial court erred
in granting summary judgment.  Appellees argue that summary judgment was proper
based, in part, on the common law fair reporting privilege.  When, as here, the
relevant facts are not disputed and the language is not ambiguous, the question
of privilege is a matter of law for the court to decide.  See Dixon v. Sw.
Bell Tel. Co., 607 S.W.2d 240, 241 (Tex. 1980); Richard Rosen, Inc. v.
Mendivil, 225 S.W.3d 181, 195 (Tex. App.CEl Paso 2005, pet.
denied).  Section 611 of the Restatement (Second) of Torts provides that A[t]he publication
of defamatory matter concerning another in a report of an official action or
proceeding or of a meeting open to the public that deals with a matter of
public concern is privileged if the report is accurate and complete or a fair
abridgment of the occurrence reported.@  Freedom Commc=ns, Inc. v. Sotelo, No.
11-05-00336-CV, 2006 WL 1644602, at *3 (Tex. App.CEastland June 15,
2006, no pet.) (mem. op.); Restatement
(Second) of Torts ' 611 (1977).  Official statements from law
enforcement, including press releases, trigger application of the privilege.  See
Yohe v. Nugent, 321 F.3d 35, 38B39 (1st Cir. 2003)
(official statement from police chief); Kennedy v. Scripps Howard Broad. Co.,
259 F.3d 922, 924 (8th Cir. 2001) (pick-up order, missing person report,
investigative report); Sotelo, 2006 WL 1644602, at *1 (press release); Steer
v. Lexleon, Inc., 472 A.2d 1021, 1022 (Md. Ct. Spec. App. 1984) (press
release); Restatement (Second) of Torts
' 611 cmt. h
(arrest report).  So long as the publication fairly and accurately reports the
contents of the law enforcement statement without embellishment, the
publication is privileged, even if the underlying facts being reported on are
untrue or defamatory.  See Yohe, 321 F.3d at 43B44; Mathis v.
Philadelphia Newspapers, Inc., 455 F. Supp. 406, 417 (E.D. Pa. 1978); Sotelo,
2006 WL 1644602, at *3; Steer, 472 A.2d at 1026B27; Restatement (Second) of Torts ' 611 cmts. a, f. 
In other words, the accuracy of the publication is determined not by comparing
it to the actual facts but to the law enforcement statement upon which the
publication is based.  See Yohe, 321 F.3d at 44; Mathis, 455 F.
Supp. at 417; Sotelo, 2006 WL 1644602, at *3; Steer, 472 A.2d at
1026.








After comparing appellees= story with the
press release in this case, we conclude that the story is fair and accurate. 
Though some of the information is arranged in a different order, the story
quotes nearly verbatim large portions of the press release and fairly
summarizes other portions.  Goss argues that the privilege does not apply here
because by relying solely on the press release instead of conducting an
independent investigation, the story was biased and inaccurate because it
omitted important facts, such as the prescription for his medication and that
he was never charged with drag racing.  However, in reporting on this police
action, appellees had no duty to investigate.  See Yohe, 321 F.3d at 39,
44 (finding defendants= report of police chief=s statements
privileged, even though defendants conducted no independent investigation and
thus did not discover and publish related positive information about
plaintiff); Lami v. Pulitzer Publ=g Co., 723 S.W.2d 458,
460 (Mo. Ct. App. 1986) (A[D]efendant=s obligation was
to publish a fair and accurate account of the [government] record.  There was
no concomitant duty to investigate the truth or the falsity of the information
contained in the record.@).  Rather, they were entitled to rely on
official information from the police.  See Sotelo, 2006 WL 1644602, at
*4; Steer, 472 A.2d at 1027.  Goss asserts that appellees forfeited the
privilege by embellishing the details in the news release, but he provides no
examples of any such embellishments, and we cannot find any.[2] 
The story was an accurate report of the news release, and thus even if Goss is
innocent and the underlying facts are not complete or accurate, the publication
is privileged.  We overrule Goss=s first two
issues.








In his third issue, Goss argues the trial court erred in
denying his motion to strike appellees= summary judgment
evidence.  However, the record does not reflect that the trial court ever ruled
on this objection, and thus he failed to preserve any error regarding this
evidence.  See Am. Med. Techs., Inc. v. Miller, 149 S.W.3d 265, 270 n.4
(Tex. App.CHouston [14th Dist.] 2004, no pet.)  Even if Goss had
preserved this issue, we conclude the trial court would not have erred in
denying his motion.  We review a trial court=s decision to
admit or exclude evidence for an abuse of discretion.  Interstate
Northborough P=ship v. State, 66 S.W.3d 213,
220 (Tex. 2001); Hooper v. Chittaluru, 222 S.W.3d 103, 107 (Tex. App.CHouston [14th
Dist.] 2006, pets. denied).  Portions of Goss=s arrest record
and file are at issue here.  About five months after his arrest, Goss
successfully moved to have his arrest expunged under Chapter 55 of the Code of
Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. arts. 55.01B.05 (Vernon
2006).  Goss argues that because the expunction statute provides that when an
expunction order is final, the Ause of the expunged records and files for
any purpose is prohibited,@ id. art. 55.03(1), appellees were
prohibited from using this information in defending Goss=s lawsuit.  We
disagree.  Assuming a private individual and a corporation not named in an
expunction order could ever be prohibited from using information covered by
that order, by bringing this lawsuit regarding his arrest, Goss put the
expunged records at issue, and thus appellees are entitled to use them.  See
W.V. v. State, 669 S.W.2d 376, 379 (Tex. App.CDallas 1984, writ
ref=d n.r.e.) (noting
that plaintiff filing a lawsuit arising out of an expunged arrest Anecessarily by his
own allegations makes the materials contained in the expunged records . . . a
matter of public record subject to discovery proceedings@); see also
Thomas v. City of Selma, No. SA-06-CA-0119-XR, 2006 WL 2854405, at *3
(W.D. Tex. 2006) (granting motion to produce expunged records because plaintiff=s lawsuit made
them relevant).  The remedy of expungement was never intended as a device for a
plaintiff in a lawsuit related to the expunged matter to control the
availability of relevant evidence.  See W.V., 669 S.W.2d at 379. 
Further, Goss made details of his arrest public by filing his lawsuit and
summary judgment affidavit, and thus even if appellees should not have used the
expunged records, Goss suffered no harm.  We conclude the trial court would not
have abused its discretion in denying Goss=s motion to
strike, and we overrule his third issue.








In their cross-issue, appellees request this court to
sanction Goss for a frivolous appeal  under Texas Rule of Appellate Procedure
45.  Whether to grant sanctions for a frivolous appeal is a matter of
discretion that this court exercises with prudence and caution and only after
careful deliberation in truly egregious circumstances.  See Conseco Fin.
Servicing Corp. v. Klein Indep. Sch. Dist., 78 S.W.3d 666, 676 (Tex. App.CHouston [14th
Dist.] 2002, no pet.).  If an appellant=s argument on
appeal fails to convince us but has a reasonable basis in law and constitutes
an informed, good-faith challenge to the trial court=s judgment,
sanctions are not appropriate.  Id.  Although Goss=s appeal lacks
merit, we conclude that it is not frivolous, and we overrule appellees= cross-issue.

We affirm the trial court=s judgment.

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Judgment rendered
and Opinion filed April 1, 2008.

Panel consists of
Justices Yates, Fowler, and Guzman.









[1]  Goss also sued for negligence and intentional infliction of emotional
distress, but Goss has not challenged the
trial court=s summary judgment as to these claims.





[2]  Goss argues that the paper Ahighlighted@
the story, thereby giving it the appearance of an investigative report, which
would not be covered by the privilege.  The story was printed inside a box, and
while this may have been designed to draw readers= attention to the story, we cannot conclude that this constitutes an
embellishment or otherwise creates an ambiguity in the plain language of the
story as reporting on arrests in connection with a drag racing incident.