MITCHELL V. DAVENPORT

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-111-CV

L. M. MITCHELL APPELLANT

V.

VIDA DAVENPORT APPELLEE

------------

FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In this case, appellant L. M. Mitchell contends that the trial court erroneously found for appellee Vida Davenport in appellee’s suit to enforce a contract for deed to property she had paid on for several years.  Appellant had attempted to evict appellee when she missed some monthly payments.  In response, appellee sued appellant to acquire title and sought an accounting under section 5.077 of the Texas Property Code.  
Tex. Prop. Code Ann
. § 5.077 (Vernon Supp. 2005).  

Appellant claims that appellee lacks standing to pursue the matter because the contract was with appellee’s company rather than appellee, and appellee is therefore not a proper party to the underlying case or this appeal.  Appellant also contends that the trial court erroneously applied subchapter D of the Texas Property Code, which applies to purchases of residential real property under executory contracts for deeds.  
See 
Tex. Prop. Code Ann. 
§ 5.061-.080 (Vernon 2004 & Supp. 2005).  Lastly, appellant contends that the evidence is factually insufficient to support the trial court’s judgment in appellee’s favor.  We affirm.

In appellant’s first issue, challenging appellee’s standing, we apply a de novo standard of review because standing is a question of law.  
See City of Fort Worth v. Tuckness
, 165 S.W.3d 425, 427 (Tex. App.—Fort Worth 2005, no pet.); 
City of Arlington v. Scalf
, 117 S.W.3d 345, 347 (Tex. App.—Fort Worth 2003, pet. denied).  We must determine whether a real controversy exists between the parties.  
Tuckness
, 165 S.W.3d at 427.  While a party must have both standing and capacity to bring a lawsuit, standing is a jurisdictional matter that may be raised at any time.  
See Austin Nursing Ctr., Inc. v. Lovato, 
171 S.W.3d 845, 848 (Tex. 2005).  “Without standing, a court lacks subject matter jurisdiction to hear the case.”  
Id.
 at
 849.  A party must have a “sufficient relationship with the lawsuit so as to have a ‘justiciable interest’ in its outcome” in order to have standing.  
Id.
 at 848.  

Capacity to sue, on the other hand relates more to the “personal qualifications of a party to litigate” a particular matter.  
Id.
  “[A]
 
party has 
capacity
 when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy.”  
Id. 
at 848-49.  Thus, capacity must be challenged by verified denial or a plea in abatement or it is waived.  
Tex. R. Civ. P.
 93(1)-(2); 
see also
 
Lorentz v. Dunn
, 171 S.W.3d 854, 856 (Tex. 2005). 

Appellant first raised the issues of standing and capacity with the court on the day of trial 
.  Appellant filed a plea in abatement, a motion to dismiss, and a request for leave to file an amended pleading, all of which challenged appellee’s capacity.  Because all of these requests were filed too late, the trial court denied them. 
 See
 
Tex. R. Civ. P
. 93(13), 94.  On appeal appellant challenges only the trial court’s failure to dismiss the suit due to a lack of standing.  Thus, only if appellee truly lacks standing can appellant prevail on this issue on appeal.  We conclude that she cannot.  

The parties entered into a “Contract For Deed” on February 17, 1997, in which appellant agreed to sell certain property to “Vida F. Davenport, executive director, Restoring Hope Center, Inc.”  The signature line, however, shows both the signature and social security number of Vida F. Davenport and the name and presumably the tax identification number of Restoring Hope Center, Inc.

Throughout appellant’s argument she repeatedly asserts that appellee intended the contract to name the corporate entity as the purchaser and that appellee’s nonprofit corporation, Restoring Hope Center, Inc., which was identified on the contract,  was the actual purchaser.  Thus, we conclude that the issue of whether appellee signed the contract in her individual capacity or in her capacity as executive director of Restoring Hope Center, Inc. is an issue of capacity, not standing, which can be and was waived at trial.  
See Lovato, 
171 S.W.3d at 849.

Regardless, as to standing, the trial court determined and we cannot disagree that the signature page, which names both appellee and the Restoring Hope Center, Inc. as purchasers, shows that both were parties to the contract. Thus, either or both would have a justiciable interest in the property, or standing.  
See Id
. at 848.

We therefore conclude and hold that the trial court correctly held that appellee was at the very least a party to the contract and thus had standing to pursue the cause of action.  We overrule appellant’s first issue
.

In appellant’s second issue, she claims that the trial court erroneously applied relatively new provisions of the Texas Property Code that govern executory contracts for deeds involving personal residences.  
See
 
Tex. Prop. Code Ann.
 §§ 5.062-.151.

The trial court did not file findings of fact or conclusions of law, but stated on the record that appellant breached the contract.  Neither the trial court’s oral pronouncement on the record nor the judgment state that the judgment was based upon the provisions in the property code relative to executory real estate contracts. 

When implied findings of fact are supported by the evidence, it is our duty to uphold the judgment on any theory of law applicable to the case.  
Worford v. Stamper
, 801 S.W.2d 108, 109 (Tex. 1990); 
Point Lookout W., Inc. v. Whorton
, 742 S.W.2d 277, 278 (Tex. 1987).  We must uphold the judgment regardless of whether the trial court articula
tes the correct legal reason for the judgment.  
See Harrington v. R.R. Comm'n
, 375 S.W.2d 892, 895-96 (Tex. 1964); 
Conseco Fin. Servicing Corp. v. J & J Mobile Homes, Inc.,
 120 S.W.3d 878, 880-81 (Tex. App.—Fort Worth 2003, pet. denied). 

While it is true that appellee employed and asserted claims under the residential executory contract provisions of the property code in her presuit demands and in her pleadings, it is also quite clear that she asserted additional claims for declaratory relief and for breaches of the parties’ contract.  Nowhere in the trial court’s judgment does it state that any portion thereof is based upon a recovery under the property code’s provisions related to executory contracts for residential real property.  The judgment declares appellee to be the full owner with fee simple ownership of the disputed property, divests appellant of any claim to such real property, and awards damages to appellee represented by the remaining funds held in the registry of the court after payment of specified attorney’s fees to appellee.  Thus, while appellant may contend that the trial court erroneously awarded judgment to appellee on the basis of the property code provisions related to executory contracts, we cannot say that the judgment was based solely on such a claim.  Both the pleadings and the judgment support findings by the trial court under the declaratory judgment act and for breach of contract, all claims pled by appellee.  Because these are other viable causes of action asserted and tried to the court that could support the judgment, we overrule appellant’s second issue.

In appellant’s third issue, she challenges the factual sufficiency of the evidence to support the verdict.  In general, appellant contends that she did not receive some of the payments that appellee asserts she made.

In a trial to the court in which no findings of fact or conclusions of law are filed, the trial court’s judgment implies all findings of fact necessary to support it.  
Pharo v. Chambers County
, 922 S.W.2d 945, 948 (Tex. 1996).  When a reporter’s record is filed, however, these implied findings are not conclusive, and an appellant may challenge them by raising both legal and factual sufficiency of the evidence  issues.  
BMC Software Belg., N.V. v. Marchand
, 83 S.W.3d 789, 795 (Tex. 2002).  
When such issues are raised, the applicable standard of review is the same as that to be applied in the review of jury findings or a trial court's findings of fact.  
Roberson v. Robinson
, 768 S.W.2d 280, 281 (Tex. 1989).  An assertion that the evidence is factually insufficient to support a fact finding means that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered.  
Garza v. Alviar
, 395 S.W.2d 821, 823 (Tex. 1965).  We are required to consider all of the evidence in the case in making this determination, not just the evidence that supports the finding.  
Mar. Overseas Corp. v. Ellis
, 971 S.W.2d 402, 406-07 (Tex.), 
cert. denied
, 525 U.S. 1017 (1998).

A review of all of the evidence shows that testimony on the issue of payments conflicted and that the parties introduced incomplete records.  However, there is some evidence, albeit appellee’s testimony, that appellee made all the required payments.  The trial court, as the sole trier of fact, was entitled to believe appellee’s testimony.  
See Munters Corp. v. Swissco-Young Indus., Inc.
, 100 S.W.3d 292, 299 (Tex. App.—Houston [1st Dist.] 2002, pet. dism’d).  We cannot say that the evidence supporting the judgment that all payments were made is so weak or that the evidence controverting the judgment is so overwhelming that the judgment should be set aside.  Appellant’s third issue is overruled.

Having overruled appellant’s issues on appeal, we affirm the judgment of the trial court.
 
 
 

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and WALKER, JJ.

DELIVERED: March 9, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.